## DAVIS v. THE STATE.

Where one is indicted for an illegal sale of intoxicating liquors, the
State may prove such sale at any time within two years previous to
the finding of the indictment.  When the State, on the trial, has en-
tered into an investigation of more than one transaction touching
such a sale, it is not permissible for the defendant .to prove by the
foreman of the grand jury who found the bill that the investigation
·of that body did not embrace the particular transaction which must
be relied upon by the State for a conviction.

Submitted November 8, — Decided November 18, 1898.

Indictment for selling liquor.. Before Judge Reese.  Glas-
·cock superior court.   October 3, 1898.

*Thomas E. Watson* and *B. F. Walker,* for plaintiff in error.
*R. H. Lewis, solicitor-general,* by *Harrison & Bryan,* contra.

LEWIS, J.   Mahala Davis was indicted by the grand jury of
·Glascock county for the offense of a misdemeanor, the indict-
ment charging that on the 15th day of December, 1896, she un-
lawfully sold in said county "spirituous liquors, to wit, whisky,
brandy and other intoxicating liquors, to wit, one half pint in
·quantity," and without license.   There ·appear on the back of
the indictment the names of two witnesses for the State, William.
Williford and Dock Wilcher.   These witnesses were introduced.
in behalf of the State, and also another witness by the name of
John Black.   It is contended by counsel for plaintiff in error,
that no illegal sale of liquors was proved unless it was by the tes-
timony of Black.   No objection was made to Black's testimony;
but counsel for the accused offered to prove by the foreman of the
grand jury that this body did not investigate the transaction
touching a sale of liquors by the accused to Black; that the in-
dictment was not founded on that particular sale, but upon the
·sale to the two witnesses named on the back of the indictment.
This testimony was excluded by the court, and this ruling of the

judge, together with his charge to the jury to the effect that any illegal sale of liquors within two years prior to the finding of the bill would authorize a conviction, are the only errors assigned which are relied upon or mentioned by counsel for plaintiff in error in his argument by brief. Under repeated rulings of this court, any other assignment of error that may appear in the record will be treated as having been abandoned by plaintiff in error. It is not disputed by counsel for the accused that under this indictment the State had a right to prove the illegal sale alleged in the indictment at any time within two years previous to the finding of the bill by the grand jury. Indeed this is so clearly and well established by previous adjudications of this court as to admit of no discussion. The indictment does not allege a sale to any particular person or persons; and from its allegations, therefore, the State is not restricted in its proof to any particular sale, provided such sale occurred within the period of the statute of limitations. Hence the effect of the indictment is to put the accused on notice that she may be placed on trial for any illegal sale of liquors, committed within the statutory period. It is contended, however, that while this may be true, yet if it can be clearly and satisfactorily shown by a member of the grand jury that the deliberations of that body were confined entirely to investigating a particular act of the defendant, the State will be forced to rely for a conviction solely upon the proof touching the particular transaction that was before the grand jury. It is earnestly insisted that in the case of *Bryant* v. *State,* 97 *Ga.* 103, there was a strong intimation by this court that it would not be competent for the State to prove a particular act done by the accused which would constitute the offense charged, if it affirmatively appeared that the grand jury had never indicted him for that act. We fail to find any intimation whatever, either in the headnotes or in the opinion in that case, to this effect; but the question is left entirely open, and it was simply decided that such proof offered by a party not a member of the grand jury was not admissible. The exact question raised by this court, then, seems to be still an open one in this court. But we are very clear in our opinion that the court was right in excluding the testimony offered, and in his charge to the jury complained

of. The defendant was put upon trial for the offense charged in the indictment. No objection is made to that indictment for insufficiency, or for being too general in its allegations. As to whether or not proof of a certain criminal act is admissible on the trial of the case must necessarily depend upon the charge that has been preferred against the accused. It would indeed be a very anomalous rule of criminal procedure to hold that such a question might be determined by proof of matter occurring before another branch of the court, entirely outside of the pleadings in the case. Such a rule might lead to endless confusion. It would permit members of a grand jury to explain by parol testimony what they meant by their indictment. It would permit parties in a criminal case on the final trial to go entirely outside of the issue presented by the pleadings, and enter into an investigation as to what occurred before the grand jury, and what was really determined by that body. In this case, for instance, it appeared on the trial that there were sales of liquors at different times to each one of the witnesses whose names appear on the indictment. Some of the grand jury might have founded their conclusion on a sale to one of these witnesses, others on a sale to the other witness, and still others on the testimony of both, not as making out a strong case of guilt in either transaction, but as being sufficient to authorize a conclusion that the defendant should be put upon trial for a sale generally of liquors, and the State should be given the liberty of investigating thoroughly this question as to any transaction that might have occurred within the two years. It might have appeared, upon the trial of such a collateral issue as to what the grand jury really determined, that the requisite number to find a true bill was not in favor of indicting for any one act; and hence it would follow, as a logical result of the contention of counsel for the accused, that the indictment ought not to have been found at all, and the defendant should be discharged. As before indicated, no objection was made to the admission of any of the testimony in this case, nor did the accused ask on the trial that the State should elect what particular act it relied upon for a conviction, even if such right existed in the defendant. As stated by Justice Atkinson in his opinion in *Bryant v. State*, above cited, "in misdemeanor cases,

it is the constant practice to submit to the jury evidence of several misdemeanors of the same character, perpetrated by the same person. No harm can result from this practice; inasmuch as the State is permitted to give in evidence before the jury testimony showing the commission of the alleged misdemeanor at any time within two years next before the finding of the indictment, the defendant must be prepared to answer for himself as to each occasion upon which the State may elect to prove his guilt, but with the resulting advantage·that but one judgment can be given upon the same indictment, and, though he may have committed many misdemeanors of like character, a judgment of conviction as to one will protect him as to all, the indictment being general and not specific in its descriptive averments." We think the question in this case is necessarily controlled by the principle that pleadings in all cases, whether criminal or civil, must be determined, as to their meaning and as to what proof is admissible thereunder, by the written pleadings themselves, and no extraneous testimony is admissible to show the intention of the draftsman, or the purpose and scope of a written official record, which must always determine and necessarily control the real issue between the parties.

Bishop, in his work on Criminal Procedure, §872, says, "One on trial is not permitted to show that the offense proved is not the same which was before the grand jury." In Spratt v. State, 8 Mo. 247, this principle, as announced in the text of Bishop, is supported by the following decision: "Evidence that the offense proved before the jury (and of which the jury found the defendant guilty) is another and different offense from that which was proved before the grand jury who found the bill, is inadmissible." That case involved a charge of gaming. The accused offered to prove by competent evidence that the case on trial before the jury was another and different one from that which was proved before the grand jury which found the bill against the defendant. The evidence was rejected by the court. Tompkins, Judge, delivering the opinion, said: "It might very well happen that the defendant was guilty of betting many times within the time limited by law for prosecuting such offenses, and that any one of these offenses might have been proved

before the jury under this indictment; for the only certainty required by the statute is as to time and place. And if the bill be found within the time, and after the commission of the offense, limited by law, and the offense be charged to have been committed within the county, it is enough. So that, if the defendant had been frequently guilty of betting the sum of twenty-five cents as charged, he might have been found guilty under this indictment of any one of such offenses; and it ought to be imputed to his good fortune that he escaped indictment of the remaining part. No grand juror can be allowed to come into court to say that evidence, given before the body of which he was one, went to establish the fact of the betting on one day of the month rather than on another, or at one place in the county rather than at another; for these things are immaterial, unless it be to discredit a witness." To the same effect see State *v.* Skinner, 34 Kas. 257 (5); State *v.* Schmidt, 34 Kas. 400 (7).

*Judgment affirmed. All the Justices concurring, except Simmons, C. J., and Lumpkin, P. J., absent.*