## BURGAMY *v.* THE STATE.

1. The provisions of section 4 of the general tax act of 1900, so far as they relate to the substance of the offense committed by a liquor-dealer who engages in business without registering with the ordinary, or who, after having registered, fails to pay the tax required by law, are simply declaratory of the existing law of the State as contained in Political Code, § 796, and Penal Code, § 430.   The punishment prescribed in the act differs from that prescribed in the Penal Code for the punishment of misdemeanors, and in imposing sentence the judge should be governed by the provisions of the act, this being the latest expression of the General Assembly on the subject.

2. Objection that a sentence imposed in a criminal case is excessive, or for any reason illegal or irregular, can not be properly made the ground of a motion for a new trial.

3. The evidence authorized the verdict, and there was no error committed at the trial requiring the granting of a new trial.

Submitted February 17, — Decided March 11, 1902.

Indictment for selling liquor.   Before Judge Felton.   Bibb superior court.   January 23, 1902.

*John R. Cooper* and *Herman Brasch*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.

Cobb, J. The accused was convicted under a special present-ment charging that on April 10, 1901, she did "unlawfully deal in and sell spirituous liquors, malt liquors, and intoxicating bitters, without registering with the ordinary . . and without paying the tax to the tax-collector . . as required by law." The case is here upon a bill of exceptions complaining of a judgment over-ruling a motion for a new trial.

1. The code requires that a person desiring to engage in the sale of spirituous or malt liquors, or intoxicating bitters, shall, before he commences the sale of such liquors or bitters, go before the ordinary of the county in which he proposes to do business, and register his name as a dealer in these liquors or bitters; and such person is also required, before commencing to do business, to pay to the tax-collector of the county where he is registered the entire amount of the tax imposed for that year by the General Assembly in the gen-eral tax act. Political Code, § 791, et seq. By the Political Code, § 796, and the Penal Code, § 430, the sale of spirituous or malt liquors or intoxicating bitters without registering with the ordinary, or, after having registered, without paying the tax to the tax-col-lector, is made a misdemeanor. The general tax act for 1901–2, approved December 21, 1900, fixes the amount of tax a dealer in such liquors or bitters shall pay at $200, and provides that engag-ing in business without having registered, or without having paid the tax, shall be a misdemeanor, the punishment prescribed being a minimum fine of double the amount of the tax, with a maximum fine or imprisonment as provided in the Penal Code, § 1039. See Acts 1900, pp. 25, 27, sec. 2, par. 15, sec. 4. There are in this act thirty-two paragraphs imposing specific taxes upon various classes of busi-ness, many of the paragraphs referring to several lines of business, and, with the exception of the lines of business mentioned in three paragraphs, all persons engaged in the different classes of business which are subject to tax are required to register with the ordinary, and are subject to the penalties above referred to for failing to register, or for failing to pay the tax, before commencing to do business. The court charged the jury, in effect, that the accused was indicted under the provisions of the general tax act of 1900, and did not in any way refer to the Penal Code, § 430. The motion for a new trial assigns error both upon the charge and the failure to charge just referred to. It is contended that if the accused was guilty of any offense at all, it

was a violation of the Penal Code, § 430, and that the provisions of the general tax act do not apply to any case within the provisions of that section of the code; it being insisted that the tax act, properly construed, refers only to cases not within the terms of any existing law.   It is impossible to tell from the terms of the special presentment whether the pleader in drafting the same had in mind the provisions of the general tax act, or the provisions of the Penal Code, § 430, or the provisions of the Political Code, § 796.   The language of the presentment is appropriate to any of the three laws just referred to.   The section of the Political Code and the section of the Penal Code are the same law appearing in different places in the code.   The general tax act of 1900, in its application to dealers in liquors and intoxicating bitters, except so far as it relates to the penalty to be imposed upon such dealers for failing to register, or for failing to pay the tax, as the case may be, is simply declaratory of the existing law of the State as found in the provisions of the Political and Penal Codes above referred to.   It is therefore unnecessary to determine, even if it could be done, whether the presentment was framed under one or the other of these laws.   So far as the substance of the offense is concerned, these laws are all the same.   Both of the sections of the code declare that the offense is a misdemeanor, but in neither is the punishment prescribed.   The Penal Code, § 1039, provides what the punishment for misdemeanors shall be, one punishment being a fine not exceeding $1,000.   In the absence of any legislation regulating the matter of punishment to be imposed upon a person guilty of the offense with which the plaintiff in error is charged, the punishment prescribed in section 1039 would be imposed.   The General Assembly, however, has ample authority to provide a different punishment for this class of misdemeanors; and this it has done in the general tax act of 1900, by fixing a minimum fine that may be imposed, thus taking away from the judge all discretion as to the minimum amount of fine to be imposed, and leaving it in his discretion to impose a larger amount, not exceeding $1,000, if he sees proper, and providing expressly that the other provisions of section 1039 in reference to punishment shall apply to such misdemeanors.   As the provisions of the tax act, so far as the substance of the offense charged in the special presentment is concerned, were in effect the same as the provisions of the Penal Code, § 430, there was no error in charging

the jury to the effect that the accused was prosecuted under the provisions of the tax act, and in omitting all reference to the section of the code.

2. In one ground of the motion for a new trial complaint is made that the fine imposed was excessive, and in still another ground complaint is made that the accused was sentenced under the provisions of the tax act, the fine imposed being double the amount of the tax, instead of being sentenced under the Penal Code as for a misdemeanor. As the fine imposed does not exceed $1,000, the maximum amount fixed in the statute providing for the punishment of misdemeanors, we could not in any event say that the same was excessive; and, as has been said above, the provisions of the general tax act fix the minimum fine for this class of misdemeanors at double the amount of the tax, and any penalty imposed under the Penal Code, § 430, must be regulated by the provisions of the general tax act, and there was nothing in the penalty imposed which would make it subject to any legal objection. In any event, however, these two grounds of the motion for a new trial can be properly disposed of by a ruling, which we now make, following a previous decision of this court, that objection to a sentence imposed upon one convicted of an offense, on the ground that it is excessive, or for any reason illegal or irregular, can not be properly made a ground of a motion for a new trial. *Montross* v. *State*, 72 *Ga.* 262 (5*a*).

3. The evidence authorized the verdict, and there was no error committed which required the granting of a new trial.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*