ISAAC WOODS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 14, 1906—Petition stricken October 10, 1906.*

1. LARCENY—*gas may be the subject of larceny.* One who uses gas for heating or illuminating purposes, which he fraudulently obtains, without paying therefor, by so connecting the pipes as to cut out the gas meter, may be convicted of larceny under section 167 of the Criminal Code, and need not necessarily be indicted under section 117 of the Criminal Code, providing for the punishment of persons tampering with and obstructing the action of meters.

2. SAME—*test in determining whether taking of gas is grand larceny.* In order that the fraudulent taking of gas shall constitute grand larceny it is not necessary that the value of the gas consumed at any one particular time shall exceed the value of $15, provided the amount consumed from day to day at any one continuous period of taking exceeds such value.

3. SAME—*selling price of gas taken, and not its cost, is to be considered.* The selling price of gas to consumers in the vicinity where the defendant wrongfully converted the gas to his own use, and not the cost value of the material from which the gas was made, is to be considered in determining the value of the gas stolen.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

The plaintiff in error, with James Woods and Thomas Light, was indicted by the grand jury of Cook county for the crime of larceny. The indictment contained three counts. The first count charged the larceny of illuminating and natural gas from the People's Gas Light and Coke Company. The second count was in substance the same as the first, and the third count charged defendants with larceny as bailees. James Woods was not arrested, and on the trial in the criminal court of Cook county Thomas Light was acquitted and the plaintiff in error was convicted, and the property taken having been found by the jury to exceed $15 in value, he was sentenced to the penitentiary for an indeterminate period, and he has prosecuted a writ of error from this court to reverse said judgment.

It appears from the evidence that the plaintiff in error was a dancing master, and from March, 1903, to December, 1904, conducted a dancing academy in a building located at 3947 Michigan avenue, in the city of Chicago, which building was to be lighted and heated by gas furnished through meters located in said building under and by virtue of a contract between the plaintiff in error and said light and coke company; that at regular intervals during said period the plaintiff in error or his employees removed the meters and by rubber hose connections caused the gas to pass from the gas service pipes of said light and coke company in said building direct to the gas burners in said building, where it was ignited and burned by the plaintiff in error for illuminating and heating purposes without being registered, his scheme being to remove the meters and substitute the rubber hose connections each month immediately after the meter-reader had visited said premises and read the meters, and to allow said rubber hose connections to remain in place for about twenty days, or until about ten days before the reader of meters would return to said building, when he would replace the

meters and allow them to remain in position until the meter-reader had read them, when he would again remove said meters and substitute the rubber hose connections therefor; that some time prior to the 14th day of December, 1904, he substituted for the rubber hose connections a system of pipes which were concealed in the walls of the building and which connected the gas burners within the building with the regular service pipes of said light and coke company which entered said building, and which concealed pipes were fitted with a stop-cock, which, when turned, prevented the gas flowing through the meters and caused the same to flow direct to the gas burners, where it was ignited and used for illuminating and heating purposes in said building. The larceny of plaintiff in error was discovered by the inspectors of the light and coke company on the evening of December 14, 1904, at which time gas was passing through the concealed pipes in the wall to the burners in the building and being consumed in large quantities for illuminating and heating purposes without being registered. The plaintiff in error at that time admitted gas had been passing through said concealed pipes for three or four days prior to December 14, and the evidence shows that the plaintiff in error had used gas for lighting and heating purposes in said building, admitted through the said rubber hose and without the same passing through the meters and being registered, for stated periods of about twenty days in each month from April, 1903, to December, 1904. There is therefore no question but that the plaintiff in error was properly convicted, if the taking of gas in the manner above described constitutes the crime of larceny and no reversible error was committed on the trial.

JOHN E. W. WAYMAN, and ELIJAH N. ZOLINE, for plaintiff in error:

The offense charged against the defendant, as made out by the evidence, falls clearly within the special statute relative to gas, etc., viz., section 117 of the Criminal Code, and

not under the general Larceny act. The punishment is entirely different. A statute providing punishment for enumerated acts takes such matters out of the operation of a general penal statute covering the same subject generally. *Gunning* v. *People,* 86 Ill. App. 174; *Stoker* v. *People,* 114 Ill. 320.

Where a particular enactment and a general statement are found in the same statute, the general clause will not affect the particular enactment. The legislature is presumed to have intended what is expressly stated, rather than that which might be inferred from the general term. Endlich on Construction of Statutes, sec. 399; Potter's Dwarris on Statutes, 273; *Railway Co.* v. *Chicago,* 148 Ill. 154; *Perteet* v. *People,* 65 id. 230; *Ottawa* v. *LaSalle,* 39 id. 339; *People* v. *Rose,* 166 id. 422; *Dahnke* v. *People,* 168 id. 102; *Cantrell* v. *Seaverns,* 168 id. 165.

If larceny may be committed, under our statute, with reference to gas, the consummation of the larceny is the lighting and using of gas. The false connections are merely the means of committing a larceny. *Wellman* v. *State,* 34 Minn. 221.

The false connection having been proved and the use of gas thereby, it is necessary to prove the value of the property thus stolen exceeded $15; and this is a material element of the crime charged and must be proved beyond all reasonable doubt, and the jury must be accurately instructed in this phase of the case. *Bishop* v. *People,* 194 Ill. 370; *Bressler* v. *People,* 117 id. 422.

Each separate connection of the false pipe would constitute a separate and distinct larceny. Bishop on Crim. Law, sec. 798.

A jury cannot aggregate the value of property stolen at different times, so as to send a prisoner to the penitentiary. *Monoughan* v. *People,* 24 Ill. 340.

The giving of the instruction authorizing the jury, in fixing the value of the property, to add together the values

of the amounts stolen continuously prior to December 14, 1904, is reversible error, as the instruction has no foundation in the evidence and is fatally misleading. *Cunningham* v. *People,* 210 Ill. 417; *Thompson* v. *People,* 125 id. 261; *Monoughan* v. *People,* 24 id. 340.

An instruction that misleads or has no bearing on the evidence is reversible error. *Montag* v. *People,* 141 Ill. 181.

The giving of the instruction telling the jury that the material question in fixing the value of the gas is the selling price is reversible error and is not the law. In this case, selling price and value are by no means synonymous. *Kounts* v. *Kirkpatrick,* 72 Pa. St. 376.

An arbitrary price fixed by the gas company, the same being a monopoly, cannot be taken as the measure of damages, even in a civil suit, and certainly does not determine the value under this indictment. *Grand Tower Co.* v. *Phillips,* 23 Wall. 475.

Where, under peculiar circumstances, a greater price than the fair price may be obtained by reason of a monopoly and the necessities of the vendee, this does not establish a value or market value. *Lawrence* v. *Boston,* 119 Mass. 126.

WILLIAM H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (FRANK CROWE, of counsel,) for the People:

The stealing of gas from day to day or from month to month, and during a certain portion of each succeeding month, constitutes one continuous act of larceny, and the amounts stolen during the whole period of time of such continuous taking may be added together in fixing the value of the total amount taken. *Queen* v. *Firth,* 1 Crown Cas. Res. 172; *Regina* v. *Firth,* 11 Cox's C. C. 234; *Regina* v. *White,* 6 id. 213; *Ferens* v. *O'Brien,* 15 id. 332; *State* v. *Wellman,* 25 N. W. Rep. 308; *State* v. *Martin,* 82 N. C. 672; *Commonwealth* v. *Shaw,* 4 Allen, 308; *Regina* v. *Bleasdale,* 2 Carr. & Kir. 765.

The statute on frauds against a gas company (Starr & Cur. Stat. sec. 234, p. 1288,) does not take the act of larceny of gas out of the operation of the general law, and does not preclude a prosecution and conviction for stealing gas. *Ferens* v. *O'Brien,* 15 Cox's C. C. 332; *Regina* v. *Firth,* 11 id. 234; *Regina* v. *White,* 6 id. 213.

Where the offense charged is continuous, evidence of all former acts that are a part thereof are competent. *Townsend* v. *State,* 37 L. R. A. 294.

The uniform selling price of gas in supply of a general demand is the market value; and in fixing the value the material question is its selling price to the consumers in the district where it is supplied. *State* v. *Hathway,* 69 N. W. Rep. 449; *State* v. *Sparks,* 3 S. E. Rep. 40; 1 Wigmore on Evidence, sec. 463; *Bank* v. *Moore,* 183 U. S. 673; *Searle* v. *Railroad Co.* 33 Pa. St. 63; *Railroad Co.* v. *Hiester,* 40 id. 55; *Watts* v. *Sawyer,* 55 N. H. 38; *Carr* v. *Moore,* 41 id. 133; *Kountz* v. *Fitzpatrick,* 72 Pa. St. 386.

Mr. JUSTICE HAND delivered the opinion of the court:

The first contention made by plaintiff in error is, that the offense made out against him by the evidence falls within the special statutory crime created by section 117 of the Criminal Code, (1 Starr & Cur. Stat.—2d ed.—par. 234, chap. 38, p. 1288,) and not under section 167 of the Criminal Code, which defines the crime of larceny, and that he should have been prosecuted for a violation of said section 117, and not for the crime of larceny. We do not agree with such contention. The law is well settled that gas used for illuminating and heating purposes may be the subject of larceny. (*Commonwealth* v. *Shaw,* 4 Allen, 308; *State* v. *Wellman,* 34 Minn. 221; *Regina* v. *White,* 6 Cox C. C. 213.) In the *Shaw case* it was said (p. 309): "There is nothing in the nature of gas used for illuminating purposes which renders it incapable of being feloniously taken and carried away. It is a valuable article of merchandise, bought and sold like

other personal property, susceptible of being severed from a mass or larger quantity and of being transported from place to place. In the present case it appears that it was the property of the Boston Gas Light Company; that it was in their possession by being confined in conduits and tubes which belonged to them, and that the defendant severed a portion of that which was in a pipe of the company by taking it into her house and there consuming it. All this, being proved to have been done by her secretly and with an intent to deprive the company of their property and to appropriate it to her own use, clearly constituted the crime of larceny."

Section 117 of the statute above referred to does not undertake to punish a person who unlawfully abstracts gas from the pipes of a gas company, but that section of the statute was passed with a view to protect gas, water or electric meters from being tampered with or false connections being made with gas or water pipes or electrical conductors, so that gas, water or electricity might be consumed or utilized without passing through or being registered by a meter. The crime of larceny and the crime created by that section of the statute are therefore entirely separate and distinct offenses, and the doctrine announced in *Stoker* v. *People,* 114 Ill. 320, and kindred cases, relied upon by plaintiff in error, has no application to the case at bar. The plaintiff in error might have been guilty of a violation of said section 117 without obtaining any gas from said light and coke company. The two offenses are not the same, and the evidence which would support a conviction for a violation of said section 117 of the statute would not necessarily even tend to show the plaintiff in error guilty of larceny. The trial court did not, therefore, err in holding that the plaintiff in error was not entitled to his discharge on the ground that he was being prosecuted for the wrong offense.

It is next contended that, conceding the plaintiff in error was guilty of larceny, the evidence does not show him to be guilty of grand larceny, as it is said there is no evidence in

the record that the value of the gas converted by him to his own use at any one time exceeded in value the sum of $15. The correctness of this contention depends upon whether the evidence shows the plaintiff in error to have been guilty of a continuing offense. If the gas abstracted on each day is a single and complete offense then the contention of the plaintiff in error would be correct, as the evidence failed to show that more than $15 worth of gas was consumed at 3947 Michigan avenue during any one day while the plaintiff in error was in possession of said premises. On the contrary, however, if it be the law that all the gas which was consumed by the plaintiff in error during any one period while the service pipes of said light and coke company were connected with the burners in said building by said rubber hose or the concealed pipes should be treated as one continuous taking, then clearly the evidence shows the plaintiff in error to have been guilty of grand larceny. In Bishop on Criminal Law (vol. 2,—7th ed.—p. 799,) it is said: "Illuminating gas may be the subject of larceny; and the asportation is sufficient where the prisoner, receiving gas of a gas company, diverts some of it to his burners without its passing the meter to be measured, the means employed being to use a pipe running directly from the entrance to the exit pipe. While the pipe remains thus connected there is held to be one continuous taking."

The above statement of the law is based mainly upon *Regina* v. *Firth,* L. R. 1 C. C. 172, which was an indictment for larceny for abstracting gas from a gas main by means of a pipe which drew off the gas from the main without allowing it to pass through the meter. The prisoner had for several years supplied a portion of his manufactory with gas which was thus abstracted, and it appeared the gas obtained was burned during the day at a large number of burners and was turned off at night. It was ruled there was but one taking and therefore but one offense. In support of that conclusion the learned judge who delivered the opinion referred

to *Regina* v. *Bleasdale,* 2 Carr. & Kir. 765, as a clear authority on the point, in which case the prisoner was indicted for stealing coal from the mines of a number of different land owners. The taking of the coal had continued for a number of years and all the coal was taken through one shaft, and it was objected that there were a number of different takings and that the charge should be restricted to one special act. Erle, J., held that the taking was one continuous act. Also *Regina* v. *Sheperd,* 1 C. C. Res. 117, was referred to, where the question was whether damage done by the prisoner to a number of trees should be considered as one single act. The question was left to the jury, who found the act was continuous. The prisoner was convicted and the conviction was affirmed. The writer of the opinion further illustrated his view that the taking was a continuous one, by the following illustrations: He said: "Take the case of a granary at a railway station, and a man bringing two wagons close to the granary and taking sacks from time to time, and extending this taking over four or five days. Here there would be different takings at different times, but it would be impossible to treat the taking otherwise than as one continuous act. Another case might be suggested of a man at work in a house, stealing, on different days, out of different rooms, and taking one article out of one room and another out of another at intervals of a quarter of an hour or an hour, or longer, all during the same job of work. I should rather suppose that this would be one continuous act and might be included in one indictment."

The trial court in this case instructed the jury "that if they believe, from the evidence, beyond a reasonable doubt, that the defendants, or either of them, are guilty of stealing gas as charged, and that they, or either of them, had been stealing gas for any number of days continuously prior to the 14th day of December, 1904, in fixing the value of the property stolen you may add together the various values of the amounts of gas stolen from day to day during the time

preceding the discovery of the false connections, if any, on the 14th day of December, that such takings from day to day were continued. That is, you may judge, from all the surrounding facts and circumstances as shown by the evidence, how long the said gas, if any, had been unlawfully taken through said false connections prior to the 14th day of December continuously, and you may add together the total sum of the various amounts taken on the different days continuously before the said 14th day of December."

This instruction left the question of whether the taking was continuous, and from day to day, to the jury, and authorized them, in fixing the value of the stolen property, in case they found the taking was continuous and from day to day, to add together the various amounts taken on the different days continuously before the 14th day of December, under which instruction the jury found the plaintiff in error had continuously taken gas to an amount in value in excess of $15. We are of the opinion the findings of the jury were amply supported by the evidence, and that they were not misdirected as to the law by the court.

It is finally contended that the court erred in directing the jury that in fixing the value of the gas stolen, if any, they should be guided by the selling price of the gas in question to consumers in the district in which the gas was abstracted, and not by the cost value of the material from which the gas was made. We are of the opinion the court did not err in so instructing the jury. The ordinary test of the value of property is the price it will command in the market if offered for sale, which in this case was the selling price of gas to consumers in the vicinity where the plaintiff in error wrongfully converted the gas of the light and coke company to his own use.

Finding no reversible error in this record, the judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*