### 35250. BOWEN v. THE STATE.

CARLISLE, J. The defendant was tried and convicted of the offense of selling intoxicating liquors in Appling County, Georgia. His motion for a new trial, based on the usual general grounds and one special ground, was overruled, and he has brought the present writ of error to this court to have that judgment reviewed.

1. The general grounds of the motion for a new trial are treated as abandoned as counsel for the defendant has not argued those grounds either orally or in his brief nor generally insisted upon those grounds.

2. For the solicitor-general, in his preliminary statement to the jury to state: "I expect to show you, gentlemen of the jury, that the defendant, Joe Bowen, sold the whisky that the State will introduce into evidence and as alleged in this indictment to Andrew Floyd and Clem Roddenberry, and also expect to show that the defendant made other sales of whisky on that day of January 10, 1954, to other persons who were there the same date," does not so place the defendant's character in issue as to constitute ground for a mistrial. Under a general indictment for selling intoxicating liquors in a dry county of this State, the State may offer evidence of sales made by the defendant of intoxicating liquors at any time within two years prior to the return of the indict-

ment into court (*Davis v. State*, 105 *Ga.* 783, 785, 32 S. E. 130), and if the jury believe that all, or any one, of'such sales were made, a verdict finding the defendant guilty would be authorized. *Heard* v. *State*, 79 *Ga. App.* 202 (53 S. E. 2d 233). The solicitor-general was perfectly within his right to refer to any such sales of liquor by the defendant in that county which came within the period of the statute of limitations, and reference to the crime with which the defendant is charged does not come within the prohibition against the State's putting the accused's character in issue before the accused has done so.

3. Where, immediately following the event related in division 2 of this opinion, the trial court overruled the motion for a mistrial, and counsel for the defendant turned to address the jury, but before beginning his preliminary statement, he asked the solicitor-general to let him hold the indictment and the solicitor-general replied, "Which one?", the trial court did not abuse its discretion in overruling the defendant's motion for a mistrial which was based on the ground that the solicitor-general's reply had the effect of making an attack on the defendant's character when the defendant had not placed his character in issue. The solicitor-general indicated, as we have held he had a right to do, that the State would prove various sales were made by the defendant on the date alleged in the indictment. The defendant was indictable for all sales of whisky made by him in the county. The only effect which the solicitor's query, which was invited by counsel for the defendant under the circumstances, could have had was that he held other indictments against the defendant for selling whisky on the same day as that alleged in the indictment on which he was to be tried. We think that under the circumstances he was not harmed by the solicitor's question and that the trial court properly, in the exercise of its sound legal discretion, overruled the motion for a mistrial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 13, 1954—REHEARING DENIED JULY 27, 1954.

*Jack W. Ballenger*, for plaintiff in error.
*W. Glenn Thomas, Solicitor-General*, contra.

