## 35497. Abbott *et al. v.* The State.

Carlisle, J. Bennett Abbott and Louis Massey were jointly indicted for burglary. Ralph Abbott was also charged with the same burglary under a separate indictment. The two cases against the three defendants were consolidated and tried together. The trial court directed a verdict in favor of Ralph Abbott, and the jury returned a verdict finding the other two defendants guilty as charged. These two defendants' joint motion for a new trial, based on the usual general grounds and two special grounds, was denied and they have brought the present writ of error to have that judgment reviewed.

1. The general grounds of a motion for new trial which are not argued by counsel for the plaintiffs in error either orally or in the brief filed in this court, and which are not generally insisted upon, will be treated as abandoned. *Bowen* v. *State,* 90 *Ga. App.* 538 (83 S. E. 2d 211).

2. A ground of a motion for new trial, assigning error on the trial court's "failing to appoint counsel to represent the defendants," furnishes no cause for a new trial, unless it further appears that the right to have counsel was denied them. It nowhere appears in special ground 1 of the present motion for new trial that counsel was requested, that the defendants were ignorant of their constitutional rights, or that they were unable to employ counsel. It appears from the record in this case that upon the trial of the case each of the defendants examined witnesses on direct examination, and one of the defendants cross-examined two of the witnesses. We think, therefore, that this ground of the motion for new trial falls short of establishing that the defendants were deprived of their constitutional right to have the benefit of counsel. *Gatlin* v. *State,* 17 *Ga. App.* 406 (87 S. E. 151); *Bailey* v. *State,* 50 *Ga. App.* 92 (176 S. E. 909); *Harris* v. *Norris,* 188 *Ga.* 610, 613 (4 S. E. 2d 840).

3. In special ground 2 of the motion for new trial, error is assigned on the following excerpt from the charge of the court as constituting an expression of opinion as to what had been proved: "Now, gentlemen, I think it might save some confusion for me to tell the jury now what to do about the case of Ralph Abbott. I am going to direct that you find him not guilty. He did not make a confession, and he is not bound by the confession of the other two boys, after the transaction was over, under the law." That the court intimates an opinion upon an uncontested and undisputed fact is not cause for a new trial as being in violation of Code § 81-1104. *Daniel* v. *Charping,* 151 *Ga.* 34 (105 S. E. 465); *Rentz* v. *Collins,* 51 *Ga. App.* 782 (181 S. E. 678) and citations; *Carter* v. *State,* 7 *Ga. App.* 42 (65 S. E. 1090). On the trial, the State introduced the signed confession of the two defendants without objection, and two of the State's witnesses, without objection, testified to the making of the confession. There was no repudiation of the confession by the defendants' evidence or by their statements to the jury.

The trial court did not err in denying the motion for new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided January 20, 1955.

D. L. Lomenick, Jr., for plaintiffs in error.
Earl B. Self, Solicitor-General, contra.