35515. DICKERSON *v.* THE STATE.

DECIDED JANUARY 31, 1955.

*T. Ross Sharpe, J. T. Grice,* for plaintiff in error.
*John P. Rabun, Solicitor,* contra.

GARDNER, P. J. The State offered evidence tending to show that the defendant possessed non-tax-paid liquor on three different occasions during the year 1954. The general grounds are not argued and are treated as abandoned. The special assignment

of error complains that the trial court erred in allowing the State to offer testimony over objection concerning an instance wherein a witness for the State observed the defendant in possession of non-tax-paid whisky on April 21, 1954, on which date this witness testified that he bought a pint of whisky from the plaintiff in error. The objections to this testimony which were made and overruled by the court, and which are contended to form the basis of the error herein complained of, are as follows: "(a) Because all of said evidence concerned the alleged possession and sale of unstamped whisky, for which the defendant had been arrested and gave bond to appear at the December term, 1954, of said court; (b) that movant, having given the bond required by the State, relied upon the fact that the State, having fixed the time for him to appear, that it would not seek to try him earlier than that, and therefore made no preparation whatever for the trial of a case concerning the alleged transaction as set forth in the above-stated evidence; (c) that the State fixed the date that it desired him to appear for trial, and he was wholly unprepared to refute the aforesaid evidence, because he relied upon the agreement with the State as fixed by their requirements by taking a bond requiring his appearance at the December term of court."

Under a general accusation charging a specific misdemeanor as having been committed on a given date, the State is not confined to evidence of transactions that occurred on the date alleged, but may offer evidence of any transaction tending to establish the commission of the crime within two years prior to the filing of such accusation. A conviction or acquittal is a bar to conviction for any other commissions of the same crime by the defendant which were or could have been offered in evidence on this trial. *Cook* v. *State,* 33 *Ga. App.* 571 (1) (127 S. E. 156); *Holmes* v. *State,* 7 *Ga. App.* 570 (3) (67 S. E. 693); *Bowen* v. *State,* 90 *Ga. App.* 538 (83 S. E. 2d 211).

The evidence objected to positively identified the defendant as the person who committed the offense charged in the accusation and was not subject to any of the objections interposed to it. The question of whether or not the defendant, having made bond to appear in December, was tried prematurely, is not presented here, as this question could not be raised by an objection to evidence.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*