36767. BRASWELL *v.* THE STATE.

DECIDED JULY 11, 1957.

■

*Geo. B. Culpepper, III,* for plaintiff in error.

*William M. West, Solicitor-General, Hal Bell, Assistant Solicitor-General,* contra.

GARDNER, P. J. ■ The evidence amply supports the verdict. The general grounds are not meritorious.

■ The one special ground contends that the court erred in charging the following excerpt: "The State contends in this case that E. B. Rowell, one of the witnesses for the State, went to the defendant's home and purchased two pints of whisky from the defendant and paid the defendant eight dollars for it. I charge you that if you find from the evidence that the State has shown to a moral and reasonable certainty and beyond a reasonable doubt that this defendent did, in this county, sell whisky, in any amount, at any time, within two years of the return of this indictment, you would be authorized, and it would be your duty, to convict this defendant." It is alleged that the charge was erroneous and injurious to him for the following reasons: "(a) That it was confusing and misleading to the jury. Defendant contends that the prosecution against him was based upon a transaction which allegedly occurred on November 18, 1956, said transaction having been the sale of two pints of liquor to E. B. Rowell, one of the witnesses for the State, for the sum of $8. Defendant offered direct positive testimony of witnesses to refute this charge; that in addition to testifying as to the transaction on which the trial was based, witness Rowell also testified that he had made other purchases of liquor from the defendant within a period of two years. This testimony was in a general way and set out no times, places or amounts. Under the charge as given by the court, the jury was authorized to believe the defendant's witnesses in refuting the sale on Novem-

212

ber 18, 1956, but could have believed the witness Rowell as to other sales. Defendant shows that the above charge was erroneous in that the court should have instructed the jury that should the jury not believe the defendant guilty of the sale of the liquor on November 18, 1956, they would be authorized to convict the defendant provided they could each agree upon the particular transaction involved."

Counsel for the defendant cites *Abbott* v. *State,* 11 *Ga. App.* 43, 45 (74 S. E. 621) in support of the contention that the case should be reversed. That case was reversed because the evidence did not show conclusively that the act was committed *prior* to the indictment, the court using the following language on this point: "It must affirmatively appear that the offense was committed before the finding of the indictment, and this is not shown by evidence that the criminal act was done some time within two years before the trial, the indictment having been returned some months prior thereto." It is our opinion that the ruling in *Dickerson* v. *State,* 91 *Ga. App.* 453, 454 (85 S. E. 2d 782) is binding authority for the affirmance of the case at bar. In the *Dickerson* case this court said: "Under a general accusation charging a specific misdemeanor as having been committed on a given date, the State is not confined to evidence of transactions that occurred on the date alleged, but may offer evidence of any transaction tending to establish the commission of the crime within two years prior to the filing of such accusation . . . *Cook* v. *State,* 33 *Ga. App.* 571 (1) (127 S. E. 156); *Holmes* v. *State,* 7 *Ga. App.* 570 (3) (67 S. E. 693); *Bowen* v. *State,* 90 *Ga. App.* 538 (83 S. E. 2d 211)."

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*