### 38167. REYNOLDS *v.* THE STATE.

TOWNSEND, Judge. J. P. Reynolds was indicted in the Superior Court of Hall County on 25 counts of simple larceny. Each count alleged that the accused stole a specified number of gallons of water from the City of Gainesville by taking the same through a two-inch water pipe attached to a six-inch water pipe connected with the city water system. The counts vary as to date and number of gallons only, each count being for a period of approximately a month, and the periods being consecutive. The defendant's demurrers to the indictment were overruled. After conviction he filed a motion for a new trial which, as amended by the addition of 17 special grounds, was also overruled by the trial court, and these judgments are assigned as error.

1. (a) It is not ground for demurrer that the offense of unlawfully taking water from a city water system was charged as simple larceny, a misdemeanor, instead of being charged under Code (Ann.) § 26-3803, also a misdemeanor, relating specifically to diversion of water from such water system. The elements are substantially identical and the punishment the same in either event, so far as this particular act is concerned. Code (Ann.) § 26-3803 also deals with other subject matter, such as tampering with meter, which is not a subject of the larceny statutes and is not charged here. Demurrers 2, 3, 4, 6, 10, 11, and 12 are without merit, since the article stolen, which was water, was sufficiently identified, and the other descriptive matter called for by demurrer, such as the description of the

pipes, was not necessary to be alleged. Ownership was properly laid in the city and the offense properly alleged as committed by the defendant. As to special ground 9, whether or not there is in existence such a thing as a "twin inch pipe" as alleged, instead of a two inch pipe, is a matter for proof, as judicial notice cannot be taken of the existence or nonexistence of such material.

(b) It is permissible to indict specially for an offense and allege the date as an essential averment of the transaction. *Martin* v. *State*, 73 *Ga. App.* 573 (37 S. E. 2d 411). So a number of offenses of larceny may be alleged in separate counts of the indictment differing only as to date, and the indictment will not be subject to demurrer, but the State must prove that the offense was committed on the specific date alleged or no conviction can be obtained. Special demurrers 5, 7 and 8 contending that only one offense is alleged, are also without merit.

2. That an indictment contains more than one charge in its several counts does not authorize an increase in the number of pre-emptory challenges allotted the defendant. 50 C. J. S. 1071, Juries, § 281. The request to overrule the statement to this effect in *Vismore* v. *State*, 41 *Ga. App.* 544 (1) (153 S. E. 776) and similar cases is denied.

3. Special grounds 3 through 7 deal with alleged errors in admission of evidence resulting in the overruling of two motions for mistrial. Without setting out the evidence contended to be hearsay, the court sustained the objection in one case and admitted it in others restricted to the sole purpose of showing motive and explaining conduct under Code § 38-302. None of these rulings show reversible error. One of the defendant's contentions was that the test made by the city to determine how much water passed through the pipe over a 15-hour period was not so adjusted to the facts existing over the two-year period the defendant was illegally tapping the water system to be used as a basis for determining how many gallons of water he actually stole during that period, and that he was prevented by the city from making tests himself for this purpose. The defendant sought no court order to allow tests to be made as he contended they should have been made, and the evidence actually admitted on behalf of the city, while it may have fallen short of proving the amount taken by the defendant over any given period of time, or even what total amount was taken, was sufficient to show that water was

stolen during the period in a substantial quantity and the evidence here complained of was either excluded or admitted for a limited purpose. Accordingly, no reversible error is shown.

4. Special grounds 9, 11 and 13 complain of certain excerpts from the charge on the ground that they were not adjusted to the facts, contained expressions of opinion, and permitted the jury to find the defendant guilty regardless of the evidence. The expression "if the jury believes" instead of "if the jury should find from the evidence" is not, when considered in context with the charge as a whole, conceivably error in that it would have been understood by the jury as a license to convict regardless of the testimony. The use of the words "any line" instead of "the two inch line specified in the indictment" is likewise harmless considered in connection with the evidence in the case, which was that a line as described in the indictment was the only unauthorized line so attached. And, the evidence being undisputed that the pipe, a mechanical device, was installed as alleged, the use of the language "if you believe beyond a reasonable doubt that the defendant is the person who caused those mechanical devices to be installed" is not error requiring reversal. *Abbott v. State*, 91 *Ga. App.* 380 (85 S. E. 2d 615).

5. The remaining special grounds, all of which bear on the question of the defendant's trial and conviction as for 25 separate offenses, will be dealt with in connection with the general grounds. The evidence is to the effect that the defendant, who was president of Best Ice & Locker Company, Inc., placed an order around the first of March, 1956, for a six-inch M.J. sleeve tap, which consists of two pipes split in half that can be bolted together around a 6-inch water main, with a mechanical gasket type joint, such as would be used to draw water from the main or put water into the main, and into which a two-inch pipe would fit; that this material was billed and shipped to Best Ice & Locker Co., Inc.; that such a device was found connecting the plant to the city water main through which water was run into the ice plant in such manner that it would not go through and register on the water meter; that a sprinkler system was installed in the ice plant in the early part of 1956 and there was no place by which water from this system went into the ice plant other than for the dry sprinkler system at the time of the installation; that just before this

system was completed the defendant told the plant manager that he wanted to tie into the water main and the defendant supervised the laying of the pipe and attaching the saddle for this purpose about March, 1956. On April 28, 1959, the pipes were discovered, and a 15-hour test was made to indicate the amount of water flowing through these pipes, and it is on this basis that the city computed the amount of water used during the previous 2-year period. The defendant had in addition four wells. At the time of the test one well was running and three were cut off. The evidence was to the effect that sometimes the defendant used all of the wells and sometimes all were cut off. Some of the water coming through the 2-inch pipe laid by the defendant was also sold to other users. The several counts of the indictment are based on periods of approximately one month each and correspond with the city's billing periods; however they have no relation to the use or non-use of water. So far as appears from the record the water from these pipes was in continuous use except for certain unspecified periods when the insurance inspectors were examining the plant when it would be cut off for periods of 45 to 60 minutes, but these cut-off periods do not coincide with the periods of time charged in the indictment as separate offenses. The question before this court is whether the illegal use of water from city water mains, which does constitute larceny of the water, is one continuing offense, or, if not, under what method it can be divided into separate crimes. The great weight of authority in other jurisdictions is that a continuing larceny of material moving through pipes, such as water or gas, constitutes one continuing offense. 136 A.L.R. 943; Woods *v.* People, 222 Ill. 293 (78 N. E. 607). The Woods case presents almost the same factual situation and problem as that posed here. It may be stated that, had the evidence in this case shown that the period alleged as a separate offense in each count of the indictment referred to a time when the defendant turned off the water supply and then turned it back on, such as was done during the visits of inspectors, a majority of the members of this court would probably have held that there was such a break in the continuity of the crime that each count could legitimately be said to have constituted a separate offense. However, there is no break in continuity on the part of the defendant simply because the city adopts a certain billing period, and the city's acts in so doing cannot

convert into more than one crime on the part of the defendant that which would otherwise be but a single transaction. Because of this fact, all of the concurring members of the court agree that the offense of larceny of the city water was supported by the evidence, and that this is true regardless of which count of the indictment is being considered, but that only one continuing offense was committed over the period of time covered by all of the counts of this indictment. The verdict, as to any one count of the indictment, is accordingly supported by evidence. The errors complained of in certain special grounds in instructing the jury under the theory that a conviction for 25 separate offenses would be sustainable would be harmful only if the court, in sentencing the defendant, caused the sentences to run consecutively or the fines to be separately assessed. There is no proper assignment of error on the legality of the sentence imposed, since the sentence does not appear in the record and in any event an attack directly upon the sentence cannot be made as a ground of a motion for new trial. *Burgamy* v. *State*, 114 *Ga.* 852 (2) (40 S. E. 991) ; *Rumsey* v. *State*, 2 *Ga. App.* 620 (2) (58 S. E. 1066). If the sentence is excessive in that it punishes for more than one offense, then the errors leading to a verdict as for 25 separate offenses are harmful and would demand a reversal of the case. See *Mobley* v. *State*, 101 *Ga. App.* 317 (113 S. E. 2d 654) and citations, division 4. In so far as the court required restitution as a condition precedent to probation, such procedure is authorized under Code (Ann.) § 27-2711, regardless of whether the amount thereof exceeded the $1,000 maximum fine or not, provided it complies with the provisions of subsection 7 to the effect that "no reparation or restitution to any aggrieved person for the damage or loss caused by his offense shall be made if the amount is in dispute unless the same has been adjudicated."

Although the sentence does not appear in the record, the special grounds of the motion for new trial approved as true by the trial court contain recitals of fact sufficient to show that the defendant was separately sentenced upon each of the 25 counts of the indictment. Accordingly, the judgment of the trial court in this case denying the motion for new trial is affirmed on condition that the defendant be called before the court and resentenced as for a single misdemeanor. Should the court fail to resentence the defendant within 15 days after

the return of the remittitur of this court to the trial court, and such failure not being due to the fault of the defendant, then the judgment shall stand reversed.

*Judgment affirmed on condition. Felton, C. J., Carlisle, Nichols, Bell and Frankum, JJ., concur. Gardner, P. J., dissents.*

DECIDED MAY 25, 1960.

*Brannon & Brannon, E. C. Brannon, Sr., James Maddox,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.

GARDNER, Presiding Judge, dissenting. This case was assigned to me and I wrote it substantially as shown by what is now the majority opinion, except that I set out the evidence as shown by the record. It has been my contention throughout the study and discussion of this case that the defendant was guilty of a separate crime on each occasion when he stole water from the City of Gainesville. The record shows that the grand jury of Hall County returned a true bill against the defendant and that a petty jury found him guilty. The evidence set out in the majority opinion is meager, not at all full, but it is very clear to me that the evidence, as shown in the record, is amply sufficient to show that the jury was correct in finding the defendant guilty. I have always had a great respect for the jury system and it is seldom that I find their conclusions subject to reversal by an appellate court. The case now before us is one which makes me proud of the jurors who arrived at what I consider an absolutely correct verdict—in fact it is my studied conviction that any other verdict would have been a miscarriage of justice, under the record before this court, keeping in mind that I recognize the right of my colleagues to think otherwise.