## TUCKER *et al. v.* THE STATE.

FISH, J.   1. The evidence, though conflicting, was sufficient to warrant the verdict, and the same having been approved by the trial judge, this court has no authority to set it aside.
2. Some of the newly discovered evidence might, by proper diligence, have been known before the trial, and none of it was other than cumulative or impeaching in its character.
3. No cause for granting a new trial appears.

*Judgment affirmed.   All the Justices concurring.*

Argued May 17,—Decided June 11, 1897.

Indictment for murder.   Before Judge Harris.   Meriwether superior court.   February term, 1897.

*J. R. Terrell* and *W. S. Howell*, for plaintiffs in error.

*J. M. Terrell*, attorney-general, and *T. A. Atkinson*, solicitor-general, contra.

---

## MACK *v.* THE STATE.

COBB, J.   There being no evidence at all as to venue, the conviction can not stand; and aside from this controlling point, the evidence of guilt was exceedingly weak and unsatisfactory.

*Judgment reversed.   All the Justices concurring.*

Argued May 17,—Decided June 11, 1897.

Accusation of carrying concealed weapon.   Before Judge Berry.   Criminal court of Atlanta.   April term, 1897.

*Stark Thomas*, for plaintiff in error.

*James F. O'Neill*, solicitor, contra.

---

## UNDERWOOD *v.* THE STATE.

ATKINSON, J.   No error of law is complained of, the verdict is supported by the evidence, and the court committed no error in refusing to grant a new trial.        *Judgment affirmed.   All the Justices concurring.*

Submitted June 7,—Decided June 16, 1897.

Indictment for simple larceny.   Before Judge Kimsey. Habersham superior court.   March term, 1897.

*George P. Erwin*, for plaintiff in error.

*Howard Thompson*, solicitor-general, contra.