## MINHINNETT *v.* THE STATE.

1. When it appears from the brief of evidence in the record transmitted to this court that if any offense at all was committed by the accused, it was subsequent to the finding of the presentment upon which he was tried, a conviction will be set aside as contrary to law.
2. This court has no power to correct a mistake in a brief of evidence which has been approved by the trial judge and filed in the office of the clerk of the trial court.   And this is true notwithstanding the trial judge may afterwards sign a certificate stating that the brief as approved and filed contains such mistake.

Argued November 21, — Decided December 14, 1898.

Indictment for selling liquor without license.   Before Judge Harris.   City court of Floyd county.   October 17, 1898.

*McHenry & Nunnally*, for plaintiff in error.
*Moses Wright, solicitor-general*, contra.

COBB, J.   On July 29, 1897, the grand jury of Floyd county returned a special presentment against E. R. Minhinnett, charging that he did, on the second day of April, 1897, commit the offense of selling liquor without a license.   To this presentment the accused filed a plea of not guilty, and the case came on for trial on September 23, 1898, in the city court of Floyd county. Upon the trial one witness testified that the offense was committed "some time in August or September of last year, 1897"; and another witness testified that he did not recollect the date of the alleged sale, "but it was last year some time."   The accused was convicted, and his motion for a new trial being overruled, he excepted.

1. The only evidence in the record as to the time that the alleged offense was committed showing a date subsequent to the finding of the presentment upon which the accused was tried, it needs no argument to demonstrate that the conviction was illegal.

2. When the case was called in this court, the solicitor-general stated that the brief of evidence as approved by the trial judge and filed in the office of the clerk of the city court contained an inaccurate statement as to the time at which the offense was committed, and that there was evidence on the trial showing positively that the offense was committed prior to the

finding of the presentment. He presented a certificate of the trial judge to this effect, and made a motion to correct the brief of evidence in the record sent to this court. This motion was denied, and the case was argued upon the record as certified by the clerk. Whenever suggestion is made in this court that there is in the office of the clerk below any portion of the record material to a proper determination of the questions raised by the bill of exceptions, this court has ample power to pass an order requiring that copies of such portions of the record be transmitted to this court. Civil Code, § 5536 (4). But this court has no power to alter any part of the record in the case, even though it should be made to appear by a certificate of the presiding judge that the record as made up in the court below is not correct. When, as in the present case, the judge certifies a bill of exceptions assigning error on a ruling denying a new trial, and a brief of evidence approved by him is embodied in the record transmitted to this court, there is no power vested in this court to change such a brief of evidence, even though the change may be necessary to make it speak the truth. The case must be decided here upon the record which reaches the office of the clerk of this court in the manner prescribed by law.

*Judgment reversed. All the Justices concurring.*