## SMITH *v.* THE STATE.

1. Where in a criminal case there is no proof of the venue, a verdict of guilty is without evidence to support it.
2. The brief of evidence filed with the motion for a new trial and approved by the trial judge must be treated as correct ; and this court has no power to amend it or to order the clerk of the court below to send up the original transcript of the evidence, although it may have been identified by the judge.

Submitted May 19, — Decided May 30, 1903.

Accusation of selling intoxicating liquor.    Before Judge Adams. City court of Dublin.    May 1, 1903.

*James B. Hicks* and *Hawkins & Weddington,* for plaintiff in error. *G. H. Williams, solicitor,* contra.

SIMMONS, C. J.    In the city court of Dublin, Plummer Smith was convicted of the illegal sale of intoxicating liquors. He moved for a new trial, and the motion was overruled. He excepted.

1. One of the grounds of the motion for new trial was that the verdict was "contrary to evidence and without evidence to support it." The brief of evidence filed with the motion for new trial and approved by the judge contains no evidence whatever as to venue. The failure to prove the venue was insisted on here in the brief of counsel for the plaintiff in error. The venue is a jurisdictional fact, and without proof of it a conviction is unwarranted, and the lack of evidence of the venue is covered by the exception that the verdict is contrary to evidence and without evidence to support it. *Futch* v. *State*, 90 *Ga.* 472.

2. This was recognized by counsel for the State, and he sought to cure the defect. He filed a petition in this court, reciting "that by error and mistake the brief of evidence in said case, agreed to by your petitioner . . and approved by [the presiding judge], is incorrect because it fails to show that the venue was proven," and praying that the clerk of the court below be required to send up "the original evidence in said case, identified as such by the judge of said court as correct, and that it be made a part of the record in said case in this court." This we can not do. In the first place, the original transcript of the evidence, though identified by the judge, is no part of the record and can not be transmitted as such by the clerk. Again, the law contemplates that this court shall deal with a brief of the evidence in each case, and not with an unabridged report or transcript, and this court has frequently declined to consider the latter even where it had been characterized and approved by the trial judge as a "brief" of the evidence. A bill of exceptions may in certain cases be amended by the record, and a defect in a transcript of the record sent to this court may be cured by ordering the clerk to send up a correct copy of the record below; but where the transcript sent up is in accord with the record below, this court has no power to amend the record or to consider a transcript

of a paper which is not part of the record of the case. In deciding a motion for new trial the judge below should pass on the evidence as contained in the brief of evidence, and we can not, in reviewing his decision, consider matters which were not before him on the hearing of the motion. The brief of evidence purports to contain all of the material evidence, and we can no more consider a statement of additional facts than we can a statement which directly contradicts the statements in the brief. In passing upon the evidence we must be governed solely by the brief of evidence approved by the trial judge. *Minhinnett* v. *State*, 106 *Ga.* 141; *Clark* v. *State*, 110 *Ga.* 911; *Sigman* v. *Austin*, 112 *Ga.* 571.

*Judgment reversed. By five Justices.*