## JONES *v.* THE STATE.

EVANS, J. 1. When this case was sounded in the trial court, counsel for the accused asked for a postponement on the ground that he had, but a few minutes before, been retained by another attorney who had been employed by the accused to represent him, but who "was imperatively called out of town;" that there had since been no opportunity to investigate and prepare the case for trial, nor to subpœna witnesses and confer with them and the accused, and that the three witnesses whose names had been furnished counsel were not in court and he had not seen them nor talked with them about the case. Upon the statement of the solicitor-general that these witnesses were in the city and within the call of the court, the trial judge announced that a bailiff would be placed at the disposal of counsel for the accused, in order to secure their attendance. They were subsequently brought into court, and, after the conclusion of another case, the trial of which occupied about an hour and a half, the case against the accused was called and tried, his counsel not insisting that the opportunity afforded him of conferring with his client and his witnesses had not been ample, nor presenting any further objection to being forced to trial. *Held*, that under these circumstances there was no abuse of discretion by the trial judge in declining to grant the postponement asked for. *Hardy* v. *State*, 117 *Ga.* 40.

2. There having been an utter disregard of the requirement of law as to making a brief of the evidence adduced on the trial, the assignment of error that the verdict was contrary to law and the evidence can not be considered. *Hathcock* v. *McGouirk*, 119 *Ga.* 973.

*Judgment affirmed. All the Justices concur.*

Argued February 19,—Decided March 23, 1906.

Indictment for burglary. Before Judge Hammond. Richmond superior court. December 18, 1905.

*George T. Jackson*, for plaintiff in error.

*J. S. Reynolds*, solicitor-general, contra.