372. HIRSCH & COMPANY *v.* DOZIER LUMBER COMPANY.

HILL, C. J. 1. The brief of the evidence in this case is not a compliance with the mandatory requirements of the Civil Code, §§ 5484, 5488. There is apparently an attempt to abbreviate the oral testimony from the stenographic report, but many "immaterial questions and answers and parts thereof" are not stricken. The documentary testimony consisting of statements of accounts and numerous letters between the parties is given in full, with no attempt to brief the same. *Hathcock* v. *McGouirk,* 119 *Ga.* 973; *Wall* v. *Mercer,* Id. 346; *George* v. *State,* 123 *Ga.* 504; *Smith* v. *State,* 118 *Ga.* 83, and numerous decisions by the Supreme Court.

2. The trend of legislation in this State is to insure the hearing of cases by reviewing courts on the merits; but the statutory requirements that in motions for new trial there "shall be a condensed and succinct brief of the material portions of the oral testimony," and "the substance of

all material portions of documentary evidence," have never been modified.

3. A compliance with the statute as to a brief of the evidence is an essential condition precedent to the determination of any assignment of error depending on a consideration of the evidence. *Bowe* v. *Gress Lumber Co.*, 86 *Ga.*, 18; *Jones* v. *State*, 125 *Ga.* 49; 13 Michie's Enc. Dig. Ga. R. 240.

4. Proper briefs of evidence restricted to an elucidation of the issues involved and pertinent to the errors assigned are of incalculable benefit in securing correct decisions, and in affording relief to overworked courts. This much the statute demands, and the courts have the right to require of counsel.

5. No question being presented for decision which can be determined without reference to the evidence, the judgment of the court refusing a new trial must be affirmed.          *Judgment affirmed.*

Attachment, from city court of Savannah—Judge Norwood. January 25, 1907.

Argued June 19,—Decided October 3, 1907.
*Osborne & Lawrence,* for plaintiffs in error.
*George W. Owens,* contra.

