veyed can be located. 2 Devlin on Deeds, §1012. "Where it can be gathered from the words employed in a deed that the intention of the grantor was to convey the whole of a tract of land owned by him, even a vague description of the same will suffice, if, by the aid of competent parol evidence, its precise location is capable of ascertainment, and its identity can thus be established." *Huntress* v. *Portwood,* 116 *Ga.* 356 (42 S. E. 513), and citations. "The description of the property conveyed in a deed is sufficiently certain where it shows the intention of the grantor as to which property is conveyed, and makes its identification practicable." "If a surveyor, by applying the rules of surveying, can locate the land, the description is sufficient." *Andrews* v. *Murphy,* 12 *Ga.* 431. We give illustrations of descriptions held sufficient: "All lands and real estate belonging to the said party of the first part, wherever the same may be situated," is sufficient to pass any land belonging to the grantor at the time of the execution of the deed. *Pettigrew* v. Dobbelar, 63 Cal. 396; Brown v. Wane, 16 Nev. 228; *Oliver* v. *Powell,* 114 *Ga.* 592, 602 (40 S. E. 826). A deed for "one half of my lot," when it is shown by extrinsic evidence that the grantor owned but one lot at the time in that place, is not void for vagueness or uncertainty of description. Lich v. Odell, 3 Cal. 59 (58 Am. D. 383); 2 Devlin on Deeds §1013. But it is useless to multiply authorities.

Testing, by these well-settled principles, the description contained in the instrument set out in the indictment sub judice, it becomes perfectly clear that the description of the land is sufficiently certain and definite, or can be made so by parol evidence. Id certum quod est reddi certum potest. The judgment overruling the demurrer to the indictment is                                *Affirmed.*

---

### 944.   WRIGHT v. THE STATE.

HILL, C. J.   1. None of the assignments of error made in the motion for a new trial can be intelligently considered or determined without reference to the evidence; and there is no brief of the evidence as required by the statute and the repeated decisions of the Supreme Court and of this court. *Hirsch* v. *Dozier Lumber Co.* 2 *Ga. App.* 520 (58 S. E. 786), and citations.

2. What purports to be a brief of the evidence seems to be merely a transcript of the stenographer's notes, extensively interspersed with objec-

tions to testimony, statements and arguments of counsel, and colloquies between .court and counsel, and between counsel, none of which should properly find place in a brief of evidence. *Hathcock* v. *McGouirk*, 119 *Ga.* 980 (47 S. F. 563); *Culver* v. *Silver*, 113 *Ga.* 1142 (39 S. E. 472).

3. This court can not undertake to go through a mass of immaterial matter and pick out that which is material, and will not undertake to "pass upon assignments of error requiring a consideration of evidence," where the document in the record, purporting to be a brief of the evidence, is in the condition described in the preceding headnotes. *Carmichael* v. *State*, 111 *Ga.* 653 (36 S. E. 872).        *Judgment affirmed.*

Indictment for misdemeanor, from city court of Savannah— Judge Norwood.   December 21, 1907.

Submitted February 3,—Decided February 14, 1908.

*W. B. Stubbs, Raiford Falligant,* for plaintiff in error.

*W. W. Osborne, solicitor-general, W. W. Gordon Jr.,* contra.

---

## 955.   PINSON *v.* THE STATE.

POWELL, J.   For a material variation between the allegations of the accusation and the nature of the proof as to the character of the bond required of the putative father of a bastard, the court should have granted a new trial.   *Childers* v. *State*, 3 *Ga. App.* 449 (60 S. E. .128).

*Judgment reversed.*

Accusation of misdemeanor, from city court of Newnan—Judge Freeman.   January 7, 1908.

Submitted February 3,—Decided February 14, 1908.

*A. H. Freeman,* for plaintiff in error.

*W. L. Stallings, solicitor,* contra.

---

## 820.   DAWSON *v.* THE STATE.

When a case not within the jurisdiction of this court is lodged in its files, upon discovery by this court of its lack of jurisdiction, it will order either that the case be peremptorily dismissed from the files or that it be transmitted to the Supreme Court, as the interests of justice in the particular case may require.

Indictment for murder, from Mitchell superior court.

Practice in the Court of Appeals.   February 20, 1908.

*Jesse W. Walters,* for plaintiff in error.

*John C. Hart, attorney-general, W. E. Wooten, solicitor-general,* contra.