## 1782. OCONEE OIL REFINING COMPANY *v.* PLANTERS OIL COMPANY.

The assignments of error are such as to make a reference to the evidence in the case necessary to a proper decision of them. The record contains no legal brief of the evidence. The judgment therefore must be affirmed.

Action on contract, from city court of Athens—Judge Cobb. January 30, 1909.

Argued May 19,—Decided July 6, 1909.

*John R. Cooper, E. K. Lumpkin,* for plaintiff in error.

*Candlers, Thompson & Hirsch, Cobb & Erwin,* contra.

POWELL, J.  None of the points presented in the record can be legitimately decided without reference to the evidence. What purports to be a brief of the evidence is so palpably violative of the statute as to how briefs of the evidence shall be prepared that we do not feel that we could justify our action if we were to consider it.  Though we have been guilty of great indulgence in the past in overlooking violations of the spirit of the statute, we do not recall any case in which we have treated so imperfect a brief as the one before us as a compliance with the law.  See *Hirsch* v. *Dozier*, 2 *Ga. App.* 520 (58 S. E. 786) ; *Wright* v. *State*, 3 *Ga. App.* 663 (60 S. E. 329) ; *Russell* v. *Hammock, 4 Ga. App.* 519 (61 S. E. 1054) ; *Rucker* v. *Tabor*, 1 *Ga. App.* 231 (57 S. E. 967) ; *Huntley Mfg. Co.* v. *Nixon Grocery Co.*, ante 46 (64 S. E. 279).  In the case now before us the oral testimony is only tolerably well briefed; nevertheless we might, through liberality of indulgence, hold that to be sufficient.  But when we look to the documentary evidence we find that it would be nothing less than a plain failure on our part to observe the statute if we should hold it to be legally briefed.  The statute (Civil Code, §5488) prescribes: "In such brief there shall be included the substance of all material portions of all documentary evidence.  Documentary evidence copied as an exhibit or set out in the pleadings, and introduced in evidence, shall not be set out in the brief except by reference to the same."  Attached to the petition are four exhibits.  Exhibit A is a copy of an original contract between the parties.  In the brief of the evidence, on page 68, proper reference, according to the terms of the statute, is made to this exhibit; but in addition to this, the contract is copied in extenso three times elsewhere in the brief of the evidence, to wit, on pages 44, 50, and 64.  Exhibit D is a copy of an award of arbitrators.  On page 68 of the brief of evidence proper reference is made to this exhibit, but on page 56 it is set out in extenso.  A contract with the McCaw Manufacturing Company is set out in extenso twice, once on page 45 and again on page 67.  Two pages are devoted to setting out a memorandum of sales made to the McCaw Manufacturing Company, when the substance of the transaction, so far as material to the case, could easily have been condensed into two or three lines.  There are seven pages of unabridged correspondence. We might point out other delinquencies, but we think that what

we have stated is sufficient to show clearly that we should not consider the documents in the record as a brief of the evidence. As was said in *Albany & Northern Ry. Co.* v. *Wheeler,* ante, 270 (64 S. E. 1114), a compliance with the statute as to briefing is as essential to the legality of the brief of the evidence as is the approval of the trial judge. We may say in passing, however, that we have read this entire record, and that the evidence practically demands the verdict rendered, though perhaps not on the count of the petition on which it was rendered.          *Judgment affirmed.*