### 5089.  TEDDER v. THE STATE.

The court committed no error of law, and the evidence authorized the conviction of the accused. RUSSELL, J., dissents.

DECIDED OCTOBER 21, 1913.

Indictment for larceny; from Bibb superior court — Judge Mathews. June 28, 1913.

Frances Tedder was convicted under an indictment which charged her and George Douglas with larceny of $175 from the person of W. F. Kersey. On the trial Kersey testified, that as he was returning from Florida he stopped in Macon, and was asked to go to a place called "Tybee," and there met Frances Tedder, and she asked him

to go to her house. He did so, and spent the night in the same room with her. The next day, when he was on his way to the train, intending to leave Macon, she was with him and saw him get from Doc Brannan $175 which he had left with Brannan. She induced him to go with her to a house, where he met her sister and George Douglas, the sister's husband. He remained there until the evening of the next day. In the morning of that day George Douglas, in the presence of the two women, asked him to send out for whisky, and he gave Douglas the money to get it. Douglas got the whisky and told him to take a drink and lie down, and he did so. When he lay down he had $100 in his waist pocket and $75 in his vest pocket. He fell asleep in five minutes and did not awake until night. When he awoke he had no money. Douglas and the two women were present. He exclaimed that he was robbed, and he went for an officer. They called to him to come back. Brannan testified in corroboration of Kersey's statement that Frances Tedder was present when Kersey got the $175, and that she could see the money. In her statement to the jury the accused said that Kersey came to the house where she was, and wanted whisky, and she saw him take money from his pocket and give money to George Douglas to get whisky; that George went repeatedly for whisky for him; that he was up and down all night drinking, and the next day he said he was robbed; that a part of the time he and George were in the room alone; and that she had never seen him until that time. Other witnesses testified that the accused made conflicting statements, that she admitted that she was at Tybee with Kersey, that she spent the night with him, that she saw Brannan give him money, and that she said that she saw George Douglas taking the money out of Kersey's pocket when Kersey was asleep. Douglas testified that Frances Tedder gave him 75 cents out of Kersey's pocket and asked him to "get the old man a drink," and he went out and got a pint, and that was all he ever saw of Kersey's money; that he (the witness) was there only five minutes, and went off, and when he returned Kersey complained of having been robbed.

In the motion for a new trial it is alleged that the verdict was not supported by evidence; that in charging the jury on the law as to reasonable doubt of guilt, as set out in the motion, the court erred in failing to tell them that a reasonable doubt may grow out of the defendant's statement; that the court erred in instructing the

jury that if the defendant aided and abetted, or participated, in the taking of the $175 from the person of Kersey, or took any part of it, they would be authorized to find her guilty; it being contended that this instruction was error, because she was not charged with aiding and abetting, nor charged with taking less than the $175; and for the same reason it is alleged that the court erred in charging as follows: "If you should find she was guilty of stealing from the person of the prosecutor any sum less than $175 and more than $50, then you can find her guilty as charged, but with the understanding, of course, you could recommend her to the mercy of the court."

*John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

RUSSELL, J. The court is unanimous in the opinion that there is no merit in the special grounds of error, nor any in the exceptions to the charge of the court. A majority of the court are of the opinion that the evidence authorized the conviction of the accused. In my opinion, the evidence is not sufficient to point conclusively to the accused as the thief, or as a participant in the theft from the prosecutor.          *Judgment affirmed, Russell, J., dissents.*