### 9625.   PARKS *v.* THE STATE.

BROYLES, P. J;   1. In a case where it appears that the transcript of the evidence sent to this court is not a correct copy of the brief of evidence approved by the trial judge and of file in the office of the clerk of the court below, this court will order the clerk to send up a correct copy of such record. *Smith* v. *State,* 118 *Ga.* 83.   Where, however, it appears that the brief of evidence sent to this court in the transcript of the record is a correct copy of the brief of evidence approved by the trial judge, and where it further appears *that he has signed the bill of exceptions,* it will be held that he has exhausted his powers with respect to the testimony, and can not subsequently alter the brief of evidence. *Jones* v. *State,* 64 *Ga.* 698; *Minhinnett* v. *State,* 106 *Ga.* 141 (32 S. E. 19) ; *Milton* v. *Savannah,* 121 *Ga.* 89 (48 S. E. 684).

2. Under the foregoing ruling and the facts in this case, the trial judge was without authority to correct the brief of evidence, and this court will not order that the corrected brief of evidence be sent up.

3. It appearing from the brief of evidence in the record transmitted to this court that if any offense was committed by the accused, it was subsequent to the finding of the presentment upon which he was tried, the record shows that his conviction was contrary to law (*Minhinnett* v. *State,* supra), and the court erred in overruling his motion for a new trial.

> *Judgment reversed.   Bloodworth and Stephens, JJ., concur.*
> - DECIDED JANUARY 15, 1919.

Indictment for possession of liquor; from Forsyth superior court—Judge Morris.   March 4, 1918.

*Everett C. Brannon, H. B. Moss,* for plaintiff in error.

*John T. Dorsey,* solicitor-general, *Herbert Clay, William Butt,* contra.