### 15745.  GRAVITT *et al. v.* THE STATE.

There being no proof of venue of the alleged larceny of an automobile, the verdict of guilty was unauthorized, and the court erred in overruling the motion for a new trial, in which exception was taken on this ground.

DECIDED NOVEMBER 12, 1924.

Larceny of automobile; from Fulton superior court—Judge Howard.  June 7, 1924.

*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens, Ralph H. Pharr,* contra.

BLOODWORTH, J.  The defendant and others were indicted for violating the first section of the act approved August 19, 1918, relating to unlawful dealing in motor vehicles.  Ga. L. 1918, p. 264; Park's Ann. Code, vol. 11, § 528 (e).  One of the grounds of the motion for a new trial alleges that "a new trial should be granted for the reason that there was no evidence adduced upon the trial of their case establishing the venue of the offence."  This ground is well taken.  Granting (but not conceding) that the evidence supports the allegation of the indictment that the defendants "did knowingly have and did buy and receive and conceal and have in their possession one Ford touring automobile of the value of three hundred and fifty dollars and the property of B. F. Ozburn, from which the motor number had been removed and altered for the purpose of concealing and misrepresenting and making difficult the identification of said automobile and identity of same," there is no evidence to show that the alleged crime was committed in Fulton County, Ga.

3

The venue is a jurisdictional fact, and, like every other material allegation in the indictment, must be proved beyond a reasonable doubt. *Jones* v. *State,* 113 *Ga.* 27 (38 S. E. 851); *Smith* v. *State,* 118 *Ga.* 83 (1) (44 S. E. 827); *Mack* v. *State,* 102 *Ga.* 571 (27 S. E. 678). "The venue of the alleged crime not having been shown, the verdict of guilty must be set aside as contrary to law and without evidence to support it."

As a new trial must result from the foregoing ruling it is unnecessary to pass upon the other allegations of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*