30324. HILL *v.* THE STATE.

DECIDED JANUARY 22, 1944.

*Vance Custer*, for plaintiff in error.

*Maston O'Neal, solicitor-general*, contra.

GARDNER, J. The defendant was convicted of burglary. His motion for new trial containing the general and two special grounds was overruled, and he excepted.

The defendant introduced no evidence and made no statement. The evidence for the State ·was sufficient to establish the corpus delicti beyond any reasonable doubt, and that is not an issue here. The only issue contended for here is that the evidence was insufficient as a matter of law to identify the defendant as the perpetrator of the crime. The entry was made into the office of the warehouse of the Texas Company. The warehouseman testified that the burglary "was discovered about 7:00 o'clock in the morning when I went down to open up. The lock and hasp on the door of the office had been broken, and when I walked in the safe was in the middle of the floor and had been battered. There was a pick and a large hammer on the floor, and the combination was knocked off the safe, and the door was open. The safe was lying over on its side." Mr. Williford, a fingerprint expert, testified: "I was called

by Chief Lynn in November of 1938 to come to Bainbridge to make an investigation at the Texas Company building. I went there and made an investigation for latent prints. That means something that is not seen that you have to bring out. . . When making my examination at the plant of the Texas Company, I went over the safe, or part of it, and I thought some people might have been handling it, so I looked for prints elsewhere, and I found an empty cigarette carton lying on the desk; I got my best print there. I photographed the print and developed the picture which I have with me. It was the best one, and the one I saved. I have compared that fingerprint with one of the suspects they sent me, and this particular one they didn't send me. I checked up on it myself because I happened to have it in my files already. I identified it as the print of John Thomas Hill. This print is made by the left index finger, the one next to the thumb. . . This print here compares with this print here. This is what is called a roll print, and this is the plain print. A slight flaw, as is seen about the middle of the whorl here, may be caused by any foreign surface, but not by a scar. A scar would have been puckered. I found that on the bottom of a cigarette carton lying on the desk of the Texas Company; that is the office down there where people go in and out. It is a public office opening out on the platform, and people go in and out there. I did not find the cigarette carton in the broken safe. . . I have compared it with this actual card here, the fingerprints on there. It compares with the left index finger. The type of that fingerprint is known as a whorl. It checked absolutely. I checked twelve different characteristics, and it compares. I have since compared it with this actual card that was furnished me here."

The manager testified: "John Thomas Hill did not work for me; I had never seen him before. I don't know him. I think that cigarette carton was Mr. Grimes's. I believe he smokes them. I don't know where he got it from. I don't know what boy he had deliver it there to him. That is more or less a business office. I could not say how long the cigarette carton had been in the office." Another witness testified: "I saw the empty cigarette carton that Mr. Williford examined that day. It was the long box that cigarettes come in, and it was empty. I don't remember where the carton was the morning of the robbery. It belonged to Mr. Arthur Grimes who works down there."

Thus it will be seen that the evidence relied upon to identify the defendant as the perpetrator of the crime is wholly circumstantial. We have set forth verbatim all relevant portions of it which go to the identity of the defendant. It is not sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused It must be both consistent with his guilt and inconsistent with his innocence. It is not both. We deem it useless to go into any lengthy discussion to illustrate further our view as set forth above. Suffice it to say, that to our minds there are several ways in which the fingerprints of the accused could have been put on the empty cigarette carton, which was not in or near the safe, according to the evidence, without in any way connecting him with the perpetration of the crime charged. Any other person who happened to enter this particular place before or after the burglary might have left fingerprints somewhere in the office, the dimensions of which the evidence does not reveal. We deem this discussion sufficient to cover all the grounds of the motion.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*