### 44037. CASEY et al. v. THE STATE.

EBERHARDT, Judge. 1. There is no statutory authority for the direction of a verdict in a criminal case; consequently, enumeration of error on a refusal to direct a verdict of not guilty does not show error. *Pritchard v. State,* 224 Ga. 776, 779 (2) (164 SE2d 808).

2. The evidence, direct and circumstantial, fails to prove venue, which must be done in every criminal case. *Smith v. State,* 118 Ga. 83 (1) (44 SE 827). It may be done by circumstantial evidence (*Dickerson v. State,* 186 Ga. 557, 559 (199 SE 142)), and slight evidence is sufficient where there is no conflict. *Well v. State,* 210 Ga. 422 (2) (80 SE2d 153). But there must be enough to authorize the jury to find that stolen goods were received in the county wherein the indictment charges that the crime was committed. *Anderson v. State,* 113 Ga. App. 670 (3) (149 SE2d 398). A careful

sifting of the evidence in this record fails to disclose any evidence, even circumstantial, placing the event in Floyd County. This was doubtless an oversight of the State's counsel, but the verdict is for that reason unsupported, and the judgment overruling the motion for new trial must be reversed, and the case remanded for a new trial.

*Judgment reversed. Felton, C. J., and Whitman, J., concur.*

SUBMITTED NOVEMBER 7, 1968—DECIDED JANUARY 29, 1969.

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr.,* for appellants.

*Robert G. Walther, Solicitor General,* for appellee.