## 44482. ANDERSON v. THE STATE.

EBERHARDT, Judge. Fred James Anderson was convicted of burglarizing a building wherein valuable goods were stored and was sentenced to serve 12 months, of which six months were to be served on probation. He appeals from the judgment of conviction and sentence. *Held:*

1. Enumerations of error 1 and 2 directed to the overruling of motions for acquittal, first at the close of the State's case, and secondly at the close of the State's case after it was reopened and again closed, are without merit. *Pritchard v. State,* 224 Ga. 776, 779 (164 SE2d 808); *Casey v. State,* 119 Ga. App. 114 (166 SE2d 438). There is no merit in the contention that the circumstantial evidence was insufficient to authorize a conviction. After proof of the corpus delicti evidence that the defendant's fingerprints were found on parts of broken glass below the broken window of the building and the finding of a bandage covering a cut on defendant's arm when he was arrested Monday evening, the burglary having been committed over the weekend, was sufficient to meet the test of *Code* § 38-109 and *Hill v. State,* 70 Ga. App. 522 (28 SE2d 820). The jury was authorized to find that every *reasonable* hypothesis save that of the defendant's guilt was excluded.

2. We find no error in the sentence imposed; hence enumeration of error number 3 is without merit.

3. Officer B. L. Anderson, who investigated the matter and testified as a witness for the State stated that he found broken glass on the ground, under shrubbery near the building and immediately below or underneath a window. The owner testified that the window had been broken between the time he had last closed the building at the end of the week and his discovery upon opening the following Monday that it had been entered and certain property removed therefrom.

Officer Anderson asserted that pieces of glass found inside the building, in the window itself and on the ground, were similar in appearance, and from that he concluded that the glass on the ground came from the window. This was a sufficient statement of the facts upon which he based his opinion to allow the officer to express it. Enumeration 4 is without merit.

Furthermore, the same or similar evidence was elicited several

times from the same witness without objection. *Waters v. Wells,* 155 Ga. 439 (4) (117 SE 322); *Thompson v. State,* 191 Ga. 222 (2) ( 11 SE2d 795).

4. The State introduced its Exhibit No. 8, a piece of the glass found on the ground underneath the broken window carrying the defendant's fingerprints. Defendant's objection that it had not been sufficiently identified as coming from the broken window was properly overruled. It was identified in the manner indicated in Division 3, above. Enumerations 5, 6 and 7, urging that the court erred in admitting the exhibit, in "refusing to strike all evidence having to do with State's Exhibit No. 8" and in failing to limit the purpose of its admission are without merit. "At most we think it could only be said that their admissibility was doubtful, and it has long been the rule in this State, when the admissibility of evidence is doubtful, to admit it and leave its weight and effect to be determined by the jury." *Goodman v. State,* 122 Ga. 111, 118 (49 SE 922). Indeed we find no basis for doubt as to admissibility of the evidence. The fingerprints serve as the most scientifically accurate method of identifying an individual yet devised. It is safe to conclude that where "Kilroy's" fingerprints are found he has been. The jury was authorized to conclude that the glass came from the broken window, was thus connected with the building, and that it carried the defendant's fingerprints on it. En bloc objections and exceptions are not effective in presenting a question for consideration when some of the evidence was clearly admissible. *Taintor v. Rogers,* 197 Ga. 872, 873 (30 SE2d 892); *Melton v. State,* 184 Ga. 343, 348 (191 SE 91); *Jones v. Blackburn,* 75 Ga. App. 791 (8) (44 SE2d 555).

5. Error is enumerated on the allowing of the State, after closing, to reopen its case and recall officer Anderson for further testimony. These enumerations are not meritorious. It was within the sound discretion of the court to permit this to be done, and a liberal practice in this respect to the end that justice may prevail is to be favored. *Bigelow v. Young,* 30 Ga. 121. This is true even though the additional testimony may not have been for rebuttal purposes. *Burden v. State,* 182 Ga. 533, 534 (186 SE 555). The principle is applicable both to civil and criminal cases. *Britten v. State,* 221 Ga. 97, 100 (143 SE2d 176).

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*

SUBMITTED MAY 29, 1969—DECIDED JUNE 13, 1969—
REHEARING DENIED JULY 17, 1969.

*Gilbert & Carter, Fred A. Gilbert,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, Tony H. Hight,* for appellee.