## 44903. GAZAWAY v. THE STATE.

QUILLIAN, Judge. The defendant was indicted, tried and convicted for the crime of larceny from the person. Her motion for new trial was overruled and appeal taken. The defendant enumerates as error the overruling of her motion for new trial, the overruling of her motion for directed verdict and the trial judge's charge on conspiracy. *Held:*

1. There is now no statutory authority for the direction of a verdict in a criminal case. Hence, the enumeration of error predicated on the refusal to direct a verdict of not guilty shows no error. *Pritchard v. State,* 224 Ga. 776, 779 (164 SE2d 808); *Casey v. State,* 119 Ga. App. 114 (1) (166 SE2d 438).

2. There was evidence that the defendant and another female visited the prosecuting witness for immoral purposes; that they were accompanied by another man; that the prosecuting witness was in possession of some $750 in his wallet; that he spent some $50; that immediately after the two women left he discovered his empty wallet in the tub under a wet rag; that $700 was missing. The witness admitted he did not know which one took the money, but testified no one else was in his room.

We recognize the rule that mere presence at the scene of a crime, absent a showing of participation, will not support a verdict

of guilty. *Little v. State,* 88 Ga. App. 581, 583 (77 SE2d 75). However, "conspiracy may be shown by acts and conduct as well as by direct proof or express agreement. It may be shown by circumstantial evidence. It may be established by inference, as a deduction from conduct which discloses a common design." *Harris v. State,* 184 Ga. 382, 392 (191 SE 439). See *Pressley v. State,* 207 Ga. 274, 282 (61 SE2d 113).

Here there was circumstantial evidence from which the jury might find a conspiracy on the part of the defendant and the other woman to commit the crime. *Banks v. State,* 74 Ga. App. 449 (40 SE2d 103). Thus, it would not matter which one actually took the money since the act of one within the scope of the conspiracy and during its progress was the act of all. *Horton v. State,* 66 Ga. 690; *Ingram v. State,* 204 Ga. 164, 183 (48 SE2d 891). The evidence was sufficient to support the verdict. *Tedder v. State,* 13 Ga. App. 629 (79 SE 580).

3. There being some evidence of conspiracy the charge on such subject was not error. See *Randall v. State,* 73 Ga. App. 354, 371 (36 SE2d 450).

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

ARGUED NOVEMBER 5, 1969—DECIDED FEBRUARY 2, 1970.

*Stow, Garvin & Glenn, Frank B. Stow, James A. Glenn, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, Charles W. Stephens,* for appellee.