### VINSON *v.* THE STATE.

CANDLER, J. "It is the duty of the presiding judge to instruct the jury substantially in the terms of the statute touching the prisoner's statement, when he makes a statement, and in no case should this be omitted." The failure to so charge will be cause for a new trial, except where it is manifest from the record that the accused was not injured thereby. This did not appear in the present case. *McCord* v. *State*, 83 *Ga.* 535(7); *Vaughn* v. *State*, 88 *Ga.* 731(4); *Doster* v. *State*, 93 *Ga.* 43(4).

　　　　　　*Judgment reversed. All the Justices concur.*

Argued November 21,—Decided December 21, 1905.

Indictment for shooting at another. Before Judge Wright. Polk superior court. October 25, 1905.

At the trial the accused made a statement to the jury, in which he said that the shooting was done to save his life, the person at whom he shot having shot at him with a pistol. No reference to the statement of the accused was made by the court in charging the jury. The accused was convicted, and one of the grounds of his

motion for a new trial, the overruling of which is assigned as error, was the failure to charge the jury as to his statement.

*C. G. Janes* and *Bunn & Trawick,* for plaintiff in error.

*W. K. Fielder, solicitor-general,* contra.