## 9836. ALLEN *v.* KENDRICK.

BROYLES, P. J. It does not appear from the record that in refusing to grant a continuance of the case the trial court abused its wide discretion. This being the only question argued in the brief of counsel for the plaintiff in error, the judgment of the court below is

*Affirmed. Bloodworth, J., concurs. Stephens, J., not presiding.*

DECIDED NOVEMBER 23, 1918.

Eviction; from Taliaferro superior court—Judge Walker. May 27, 1918.

*Hawes Cloud,* for plaintiff in error.

*A. G. Golucke, J. A. Mitchell,* contra.

---

## 9952. THROCKMORTON *v.* THE STATE.

BROYLES, P. J. 1. It is no cause of challenge to the array that some of the jurors on the panel put upon the accused have just served as jurors upon the trial of another person, indicted for a like offense growing out of the transaction involved in the indictment against the accused; that a verdict of guilty was rendered in that case, and that the witnesses and evidence in the pending case would be the same as in the former one. The proper method of objecting to such jurors would be by challenges to the polls, if they qualified upon their voir dire. *Edge v. State,* 8 *Ga. App.* 125 (68 S. E. 623); *Schnell* v. *State,* 92 *Ga.* 459 (17 S. E. 966); *Humphries* v. *State,* 100 *Ga.* 260 (28 S. E. 25).

(*a*) In the instant case the special challenge to twenty-four named jurors of the panel of forty-eight was made by the accused before he pleaded to the merits of the indictment and before the panel was put upon him, and was in the nature of a challenge to the array, and, under the foregoing ruling, the court did not err in overruling it.

2. The first special ground of the motion for a new trial can not be considered, since the note of the trial judge attached thereto amounts to a disapproval of the facts there stated.

3. The evidence in support of the defense of alibi was not of such clear and strong probative value as to require a charge upon the law of alibi, especially in the absence of a timely and appropriate written request therefor. See, in this connection, *Paulk* v. *State,* 8 *Ga. App.* 704 (70 S. E. 50).

4. While the evidence connecting the defendant with the burglary was circumstantial, it was sufficient to exclude every reasonable hypothesis save that of the guilt of the accused.

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., not presiding.*

DECIDED NOVEMBER 23, 1918. REHEARING DENIED DECEMBER 13, 1918.

Indictment for burglary; from Haralson superior court—Judge Bartlett. June 11, 1918.

*Griffith & Matthews,* for plaintiff in error.

*J. R. Hutcheson,* solicitor-general, contra.