### 10527.   CAMPBELL *v.* THE STATE.

1. A continuance was not required on the ground that certain jurors were disqualified to try the case.
2. The statement to the jury by a bailiff while they were considering the case, that the defendant was tried and acquitted in another case while they were out, was not cause for a new trial.
3. Alleged excessiveness of a sentence imposing a punishment within the statutory limit for the crime of which the accused was convicted is not cause for a new trial.
4. The verdict was authorized by evidence.
           DECIDED JULY 22, 1919.

Conviction of assult and battery; from Cobb superior court— Judge Morris.   April 12, 1919.

*C. M. Dobbs, Herbert Clay,* for plaintiff in error.

*John T. Dorsey, solicitor-general, William Butt,* contra.

BLOODWORTH, J.   1   In the motion for a new trial it is alleged that the court erred in refusing to continue the case and to furnish the defendant's counsel "with a list of 24 jurors that had not tried Mrs. Campbell" (his wife) ; that on the day before the day of his trial she was tried in two cases for cruelty to children at a certain orphans' home, and he was charged with assault and battery on an inmate of the home; that "there were only 36 jurors impanelled at that time in Cobb superior court; that 24 of these jurors had tried a case against defendant's wife,—12 in one

case and 12 in another,—and that this did not leave 24 jurors for defendant to strike an impartial jury from."

(*a*) Granting that some of the jurors in attendance on the court were disqualified to try the accused, this would not be a good ground for a continuance of the case. *Humphries* v. *State,* 100 *Ga.* 260 (2) (28 S. E. 25); *Sutton* v. *State,* 18 *Ga. App.* 28 (88 S. E. 744).

(*b*) If the objection urged against the jurors was cause for challenge at all, it should have been made to the polls. *Schnell* v. *State,* 92 *Ga.* 459 (17 S. E. 966); *Bryan* v. *State,* 124 *Ga.* 79, 80 (52 S. E. 298), and cases cited; *Coleman* v. *State,* 141 *Ga.* 731, 732 (82 S. E. 228), and cases cited; *Throckmorton* v. *State,* 23 *Ga. App.* 112 (97 S. E. 664). The judge complied with the request of counsel for the accused and allowed the jurors to be examined on their voire dire.

2. It is assigned as error that "while the jury was considering this case one of the bailiffs told a juror, while they were at breakfast, 'that they had tried C. C. Campbell [the defendant] while this jury was out, in another case, and had turned him aloose." It is insisted that "this communication was unlawful and illegal, and prejudicial to the rights of defendant." The oath which the law of this State prescribes for bailiffs who have charge of juries during the trial of cases provides that they shall make no communication to the jury except by leave of the court. Had the bailiff in this case not overlooked his oath, he would not have communicated to the jury the fact that the accused had been acquitted in the other case. However, we cannot see how this conduct of the bailiff could have resulted in any ill effects to the accused. We cannot conceive that a jury of twelve upright and intelligent men would violate their oaths and be led into the error of rendering a verdict contrary to the facts, simply because a jury in another case against the same defendant had acquitted him. Suppose the verdict first rendered had been returned before the jury in the second case had been stricken, could it be said that the jurors in the court-room were disqualified simply because they knew that the accused had been acquitted in the first case tried? Surely not. We do not think the trial judge abused his discretion in overruling this ground of the motion for a new trial.

3. It is insisted that a new trial should be granted because "the

sentence in this case of twelve months in the State farm is excessive." "An assignment of error in a motion for new trial, that a sentence within the limits fixed by law is excessive and too harsh under the facts and circumstances of the case, presents no reason for interference by the court. *McCollough* v. *State*, 11 *Ga. App.* 612 (6) (76 S. E. 393). See also *Truitt* v. *State*, 124 *Ga.* 657 (52 S. E. 890)." *Weldon* v. *State*, 21 *Ga. App.* 332 (9) (94 S. E. 327) ; *McLeod* v. *State*, 22 *Ga. App.* 241 (4) (95 S. E. 934).

4. There is some evidence to support the verdict. "This court, by the constitutional amendment creating it, is limited in jurisdiction to the correction of errors of law alone, and therefore has no power to grant a new trial on the ground that the verdict is strongly contrary to the weight of the evidence, if there is any evidence at all to support it." *Edge* v. *Thomas*, 9 *Ga. App.* 559 (71 S. E. 875) ; *Toole* v. *Jones*, 19 *Ga. App.* 24 (90 S. E. 732) ; *Cook* v. *McMurria*, 19 *Ga. App.* 491 S. E. 785).

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*