### 12583.   OWENS *v.* THE STATE.

BLOODWORTH, J.   1.   "Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness, a new trial will not be granted." *Arwood v. State,* 59 *Ga.* 391;  *Key* v. *State,* 21 *Ga. App.* 795 (95 S. E. 269), and cit.   Under the above ruling there is no merit in the grounds of the motion for new trial based upon alleged newly discovered evidence.

2.   "Objection that a sentence imposed in a criminal case is excessive, or for any reason illegal or irregular, can not be properly made the ground of a motion for a new trial." *Burgamy* v. *State,* 114 *Ga.* 852 (2) (40 S. E. 991);  *Campbell* v. *State,* 24 *Ga. App.* 130 (3), 131 (100 S. E. 18), and citations.

3.   The last ground of the motion for a new trial alleges that the charge of the court "does not in its entirety submit all the issues fairly and impartially to the jury, and the said jury was left in a confused and bewildered condition and not given a legal light leading and showing the jury trying the case all the issues in said case, as the law required him to do."   The charge as given is not subject to the foregoing criticism.   This ground of the motion is too general and indefinite to raise any issue for determination by this court.   The charge as given covered the issues made by the pleadings and the evidence, and if a fuller charge on any particular issue was desired, it should have been requested by a proper and timely written request, made before the jury retired to consider of their verdict.

4.   "There was some slight evidence authorizing the verdict; and the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere.   When the verdict is apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Bradham* v. *State,* 21 *Ga. App.* 510 (94 S. E. 618).   See cases cited.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*
DECIDED JULY 26, 1921.

Indictment for manufacturing intoxicating liquor; from Wheeler superior court — Judge Graham. May 21, 1921.

*W. B. Kent,* for plaintiff in error.

*M. H. Boyer, solicitor-general,* contra.