### 13643.   WILLIS *v.* THE STATE.

BLOODWORTH, J.   1. The only special ground of the motion for a new trial is as follows: "That under the evidence for the State in the trial of the case against him, he was guilty, if guilty at all, of the offense charged only as principal in the second degree, the undisputed evidence showing that Thomas Dell Gato actually perpetrated the offense, and that movant merely aided and abetted in the act. Movant says that after his conviction the said Thomas Dell Gato, having been jointly indicted with movant, was put upon his trial, and was acquitted. Movant contends that under the law the acquittal of the said Thomas Dell Gato, the principal in the first degree, operates as an acquittal of movant." Under the ruling in *Maughon* v. *State,* 9 *Ga. App.* 559 (2) (7 S. E. 922), there is no merit in this assignment of error. Being satisfied with the correctness of the ruling in the *Maughon* case just referred to, the request of counsel for plaintiff in error that it be reviewed and overruled is denied.

2. "Under the facts as disclosed by the record, this court cannot say that the verdict of the jury is without support from the testimony or so far contrary to it as to authorize this court to determine that the trial judge abused his discretion in refusing to grant a new trial. The law allows him to refuse or grant new trials in the exercise of a legal discretion, but it does not give this court any discretion in the

matter. It can only grant new trials when errors of law have been committed, or when the trial judge has abused his discretion in refusing a new trial." *Smith* v. *State*, 91 *Ga.* 188 (17 S. E. 68); *Owens* v. *State*, 27 *Ga. App.* 322 (4) (108 S. E. 208).

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
> DECIDED JULY 11, 1922.

Indictment for burglary; from Baldwin superior court — Judge Park. April 24, 1922.

*Allen & Pottle,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.