### 15153. McPHERSON v. THE STATE.

BLOODWORTH, J. The motion for a new trial in this case contains the general grounds only. There is some evidence to support the verdict, which is approved by the judge who tried the case. "Whenever there is any evidence, however slight, to support a verdict which has been approved by a trial judge this court is absolutely without authority to control the judgment of the trial court." *Owens* v. *State*, 27 *Ga. App.* 322 (108 S. E. 208).

Judgment affirmed. *Broyles, C. J., and Luke, J., concur.*

DECIDED JANUARY 16, 1924.

Accusation of possessing and selling liquor; from city court of Macon—Judge Gunn. October 19, 1923.

*Early W. Butler, Olin J. Wimberly,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

---

### 15154. BULLARD v. THE STATE.

BROYLES, C. J. 1. Where the statement of the defendant in a criminal case is in direct conflict with the testimony of the State's witnesses, and the statement, if true, demands his acquittal, it is reversible error for the court, even in the absence of a written request, to fail to instruct the jury that they may believe the statement in preference to the sworn testimony in the case. *Rivers* v. *State*, 8 *Ga. App.* 694 (70 S. E. 47), and citations.

(a) This ruling is not affected by the fact that the defendant's statement may be corroborated by sworn testimony introduced in his behalf.

(b) In the instant case the charge given upon the subject of the defendant's statement did not measure up to the charge given in *Jones* v. *State*, 65 *Ga.* 507 (3), where it was held that the charge, in effect, instructed the jury that they might believe the statement in preference to the sworn testimony. And the ruling in that case will not be extended.

(c) Under the above-stated rulings and the facts of the instant case, it was reversible error for the court to fail to instruct the jury that they might believe the defendant's statement in preference to the sworn testimony.

2. The other special grounds of the motion for a new trial are without substantial merit.

Judgment reversed. *Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 16, 1924.

Accusation of pointing gun; from city court of Baxley—Judge Speer. October 15, 1923.

*J. B. Moore,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.