### 22665. WHITEHEAD v. THE STATE.

HOOPER, J. 1. "It is the duty of the presiding judge to instruct the jury substantially in the terms of the statute touching the prisoner's statement, when he makes a statement, and in no case should this be omitted. The failure to so charge will be cause for a new trial, except where it is manifest from the record that the accused was not injured thereby." *Vinson* v. *State,* 124 *Ga.* 453 (52 S. E. 761), and cit.; *Bullard* v. *State,* 31 *Ga. App.* 559 (121 S. E. 130). Where, however, the statement of the defendant is entirely consistent with the evidence of the State, and, as in this case, affirmatively shows the guilt of the accused, the failure of the court so to charge is not reversible error.

2. In his statement to the jury in this case the defendant admitted that he had in his manual possession a pistol, not in his own home or place of business, but in a certain restaurant, where, the evidence showed, he fired the pistol several times, and he did not contend that he had a license therefor. *Held:* While the statute against carrying a pistol without having first obtained a license (Ga. L. 1910, p. 134, should, as contended by counsel for the plaintiff in error, receive a reasonable construction, in accord with the purpose of its enactment (see *Cosper* v. *State,* 13 *Ga. App.* 301 (79 S. E. 94); *Harris* v. *State,* 15 *Ga. App.* 315 (85 S. E. 813), and cit.), we are of the opinion that the circumstances

stated in the defendant's statement did not show legal justification or excuse on his part for his possession of the weapon outside his home or place of business, but, on the other hand, they were consistent with the sworn testimony of witnesses for the State and consistent with the guilt of the accused. The trial court, therefore, did not commit reversible error in failing to charge on the defendant's statement, as was contended in the motion for a new trial.

3. The remaining assignment of error upon the charge of the court, under the facts of this case, is without merit; the evidence amply supports the verdict; and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., not presiding.*

DECIDED NOVEMBER 16, 1932.

*Branch & Howard, Thomas B. Branch Jr., W. W. Tindall,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.