28496, 28497. COLE *v.* THE STATE.

DECIDED OCTOBER 23, 1940.

*Marvin Allison, Thomas O. Davis, A. G. Liles,* for plaintiff in error.

*Hope D. Stark,* solicitor-general, contra.

BROYLES, C. J. Dart Cole and his son, J. A. Cole, were jointly indicted for an assault with intent to murder. They were tried separately. J. A. Cole was convicted of a misdemeanor offense, and Dart Cole was convicted of the offense of assault with intent to murder. Each filed a motion for new trial, which was over-ruled by the court. In each case the evidence, while conflicting, authorized the verdict.

In J. A. Cole's case the sole special ground of the motion for new trial complains, first, of the admission in evidence of a pair of shoes identified as the shoes of Dart Cole; and second, of a statement made by the court in a colloquy with counsel for the plaintiff in error in regard to the admissibility of the evidence. The ground shows that when the shoes were tendered in evidence counsel for the accused made the following objection: "We don't think they are admissible. The sheriff testified that these shoes here were Dart Cole's shoes, and we don't think they would be admissible in this case against this defendant." The court replied as follows: "Well, they might be admissible on the idea at this time of impeachment of the witness, but the fact that Dart Cole is not on trial would not make them admissible [inadmissible?] against him. In view of the testimony of Dart Cole as a witness they might be admissible on the idea of impeachment; so I will admit them for

that purpose." The ground alleges that the foregoing statement "amounted to an expression by the court of the opinion that the witness Dart Cole *was* impeached." (Italics ours.) We do not think that the statement can fairly or reasonably be construed as expressing an opinion of the judge that Dart Cole *had* been impeached by the evidence. This view is supported by the fact that the charge to the jury did not contain any instruction upon the subject of the impeachment of witnesses. The judge would certainly have charged on that subject if he had been of the opinion that such an issue had been raised by the evidence. We also hold that under the facts of the case the shoes of Dart Cole (who was jointly indicted with J. A. Cole) were properly admitted in evidence in the case of J. A. Cole.

In the case of Dart Cole error is assigned on the following excerpt from the charge: "If you believe that this defendant and another formed a common intent and purpose to commit the crime as charged in this indictment, and if you should believe that in pursuance of such common intent and purpose such crime was actually committed, and if you should further believe that this defendant either committed the crime himself, or was present, aiding and abetting in the commission of the crime at the time it was committed, and you believe that beyond a reasonable doubt, it would be your duty to convict him. If you have a reasonable doubt as to his guilt, it would be your duty to give him the benefit of that doubt and acquit him." The charge is assigned as error, because it stated that the accused would be guilty if he aided and abetted "another" in the commission of the crime, whereas the instruction "should have been confined to the aiding and abetting of J. A. Cole, the codefendant." The excerpt, standing alone, might have been error, but the court in the charge further instructed the jury as follows: "If you find there was a conspiracy between this defendant *and the other defendant named in this indictment* to do the criminal act alleged, then whatever was done in pursuance of that conspiracy would be just as binding upon this defendant as if he did it himself." (Italics ours.) We are satisfied that in view of the latter instructions the excerpt from the charge complained of was harmless, and did not mislead the jury into thinking that the defendant would be guilty if he had aided and abetted some person other than the codefendant in the commission of the alleged

crime. In Dart Cole's case error was also assigned on the failure of the court to charge, in the absence of a written request, on the law of alibi. It is well settled that where the evidence in support of the defense of alibi does not show the impossibility of the defendant's presence at the scene of the crime at the time of its commission, the failure of the court to charge the law of alibi, especially in the absence of a request for such a charge, is not error. *Ethridge* v. *State*, 163 *Ga.* 186 (14) (136 S. E. 72) ; *Smith* v. *State*, 6 *Ga. App.* 577 (65 S. E. 300). Furthermore, the failure to so charge is not error, especially in the absence of a written request to so charge, where the evidence in support of the alibi is not of clear and strong probative value. *Throckmorton* v. *State*, 23 *Ga. App.* 112 (3) (97 S. E. 664) ; *Paulk* v. *State*, 8 *Ga. App.* 704 (70 S. E. 50). Applying these rulings to the facts of the instant case, it does not appear that the failure of the court to instruct the jury on the law of alibi was error. The remaining special assignment of error in Dart Cole's case is without merit, and counsel for the accused have not cited in their brief any authority to sustain it. In each case the refusal to grant a new trial was not error.

*Judgments affirmed.* *MacIntyre and Gardner, JJ., concur.*