### 44731. TOUCHSTONE v. THE STATE.
### 44732. BOLIN v. THE STATE.

WHITMAN, Judge. 1. "Permission freely and voluntarily given by a suspect to police officers to search property of which he is the owner waives the necessity of a warrant. *Ferguson v.*

*State,* 218 Ga. 173 (8) (126 SE2d 798); *Young v. State,* 113 Ga. App. 497 (148 SE2d 461)." *Westmoreland v. State,* 114 Ga. App. 389 (1) (151 SE2d 548). In the present case there was a "motion to suppress" evidence on the ground that the officers had no warrant. At the hearing on the motion the police officer testified that he had explained to defendant Touchstone that he wanted to search his trailer to find some "stolen stuff" and that Touchstone had replied, "I will be glad for you to come on in." The trial court denied the preliminary motion (which is enumerated as error), and thereafter submitted the question of voluntary consent to the search to the jury along with the other issues in the case. There was no error in denying the motion.

2. There was a motion for directed verdict made immediately after the police officer testified on cross examination that he did not make an inventory of all articles seized as *Code Ann.* § 27-302 (Ga. L. 1966, pp. 567, 568) directs. Without deciding whether such failure would have rendered the evidence so obtained subject to a motion to suppress, the failure of the police officer to do so was not made a ground of the motion to suppress which was presented. The failure of the police officer in this regard was a failure of which the appellant of necessity must have been aware beforehand for it is to the person from whom articles and things have been seized that the inventory is directed to be given. Failure to include this ground in the motion to suppress, which is the established procedure for suppression of evidence contended to have been obtained by unlawful search and seizure (*Code Ann.* § 27-313; Ga. L. 1966, pp. 567, 571), was a waiver of this particular ground. Evidence which is merely subject to exclusion but is not timely and properly challenged, is competent evidence, provided, of course, that the applicable rules of evidence are satisfied. *Gilmore v. State,* 117 Ga. App. 67 (2) (159 SE2d 477). Moreover, at the time of the trial there was no statutory authority for the direction of a verdict in a criminal case. *Pritchard v. State,* 224 Ga. 776, 779 (164 SE2d 808); *Casey v. State,* 119 Ga. App. 114 (1) (166 SE2d 438); *Gazaway v. State,* 121 Ga. App. 93 (172 SE2d 897). There was no error in denying the motion for directed verdict.

3. Appellant Bolin contends that the trial court erred in failing to charge his defense that he was out of town and had no knowledge of the crime. He also contends that there was

error in failing to charge his defense that his possession of certain property was by virtue of a purchase from a third person and without knowledge that it was stolen.

The indictment charged both defendants with breaking and entering an automobile with intent to commit a larceny on August 12, 1967. E. T. Hicks, Jr. testified that he had parked his automobile around 1 a. m. on that date at the Diamond Motel; that at 8 a. m. he discovered that property which had been in the car was gone and he reported the theft to the police.

With regard to Bolin's whereabouts during this time, the testimony of Bolin and Touchstone taken together is that Bolin had come from Thomson, Georgia, late Friday night and had gone to the Touchstones' trailer; that they were good friends and Bolin's wife was there; that he and Touchstone stayed there until they went to purchase beer at 4 or 4:30 a. m. from a place Touchstone knew about; and that a Negro from whom they bought the beer offered to sell them numerous items he had for $50, and so they bought them, took them to the trailer, and gave them to their wives.

"It is well settled that where the evidence in support of the defense of alibi does not show the impossibility of the defendant's presence at the scene of the crime at the time of its commission, the failure of the court to charge the law of alibi, especially in the absence of a request for such a charge, is not error. *Ethridge v. State,* 163 Ga. 186 (14) (136 SE 72) ; *Smith v. State,* 6 Ga. App. 577 (65 SE 300)." *Cole v. State,* 63 Ga. App. 418, 420 (11 SE2d 239). The evidence, such as it was, did not establish impossibility of presence, nor was there any request to charge the law on alibi. There was no error in the charge in this regard.

The record shows that the jury was charged to the effect that they could believe any explanation consistent with the innocence of the defendants regarding their possession of stolen property, if possession of stolen property was established. This instruction directed the jury to have regard to the defendants' contention as to how they came to be in possession of the property. There was no request for any particular instruction in this regard. The trial court did not err in not charging further.

4. This division of the opinion is introduced by the statement and holding that neither of the defendants has enumerated as

error the overruling of his motion for new trial on the general grounds. Appellant Touchstone in his brief merely insists upon the general grounds of his motion for new trial, but does not set forth any argument or citation of authority in connection therewith and, therefore, his insistence upon the general grounds is regarded as abandoned. Moreover, appellant Touchstone in his brief expressly abandons his enumeration of errors 1, 2 and 3 which enumerated as error the overruling of his original motion for new trial on the general grounds, and also the overruling of his amended motion for new trial, relying therein only on his enumeration of errors 4, 5 and 6.

Appellant Bolin makes no reference in his brief in respect of the overruling of the general grounds of his motion for new trial, and likewise they are regarded as abandoned.

The remaining questions to be considered and dealt with in this division of the opinion have regard to the admission of evidence which it is claimed relates to another offense than that for which appellants were indicted and convicted, and also in respect of alleged error in a charge of the trial court on the subject of admissions by the appellants. For an intelligent approach to these considerations it is deemed desirable to set forth here the grounds of amendments of appellants to their respective motions for new trial and their enumerations of error which have not been disposed of by the preceding portions of this opinion.

Ground 4 of Touchstone's amendment to his motion for new trial is as follows: "Overruling of the defendant's objections in the introduction of evidence obtained under the search warrant, and motion to suppress." By his enumeration of error Touchstone enumerates as error ground No. 4 of his amended motion. Touchstone does not in the amendment to his motion or in his enumeration of error in relation thereto set out or refer specifically to testimony whose admission it thus complained of and, therefore, insofar as he is concerned, the amendment and enumeration of error are indefinite and incomplete and need not be considered. *Hall v. First Nat. Bank,* 89 Ga. App. 853, 856 (81 SE2d 522).

Insofar as appellant Bolin is concerned, ground 3 of his amended motion complains of error "in permitting hearsay testimony relating to other property being stolen and identified by other persons when the owners of said property did not testify

during the trial." However, no specific testimony is therein set forth or referred to. In his enumeration of errors Bolin does complain of the overruling of his motion and amended motion for new trial and in his brief there is a reference to pages of the transcript of evidence but the particular testimony is not set forth and, therefore, need not be considered. However, there are set forth below portions of the record and objections and rulings thereon as follows: "Direct examination of Hicks: [Hicks testified he heard the defendants say, during the search, that they bought the things from a Negro down some alley at 4:30 in the morning.] Q. Was that twenty five dollars for your items? A. No, it was for a truckload of items. Defense Counsel: I object to this. The Witness: That is what he told me. The Court: I will overrule this objection . . . Q. What items were there besides the items which you have lost? Defense Counsel: I object to going into any items other than those which this man lost himself. The Court: I will overrule the objection, I will let him state what the twenty five dollars that he has testified about, what they said it covered. Q. What else was there? The Court: He may testify what, if anything, they said in regard to paying the twenty five dollars for. A. There were boxes of pans, kitchen utensils, boxes of clothes, children's clothes, women's clothes and men's clothes. Q. Was anyone else there? A. Yes, the people that owned the stuff was there. The Court: I have sustained that objection. Q. Tell the jury, not as to who might have owned any of the stuff. . ."

(Motion for mistrial by counsel for defendants overruled, with the court instructing the jury not to be concerned with the ownership of any other articles the defendants acquired or whether they were located in the possession of the defendants. The overruling of the motion for mistrial is not complained of either in the motions for new trial as amended or in the enumerations of error.)

Thereupon, after the court had overruled a motion for directed verdict by defense counsel, the court stated in the presence of the jury: "Lady and Gentlemen of the jury, the defendants are charged in this indictment that we are trying with the offense of breaking into a certain automobile belonging to Mr. Hicks, the prosecutor, and of taking certain articles therefrom. What you are to consider is the question of

whether or not they are guilty or innocent of this offense only, the matters alleged concerning Mr. Hicks. If it appears that they acquired possession of any articles along with other articles which Mr. Hicks claimed as his property, that may be shown, but the jury is not concerned with the ownership of any other articles they acquired and whether they were located in the possession of the defendants. You may inquire whether there was anything that they did have in their possession at this time and whether or not they were acquired as a lot by the defendants as contended by the prosecutor in the case. You may proceed." [Redirect Examination of Hicks.] Q. Mr. Rary asked you about when the man reported clothes stolen . . . were those clothes later recovered? A. Yes, sir. Q. Where were they recovered? A. In the stuff stolen from the trailer. Q. Among the stuff there that you have described as being worth twenty five hundred dollars? A. Yes, sir. Q. Were people there who they belonged to? Defense Counsel: I will object to his going into anything concerning other persons. The Court: [I] will exclude his testimony about anything that belonged to anyone else, Mr. Hicks would not know about that. Q. Were you present at anytime when anybody claimed them? A. Yes, sir. Q. Where was that? A. In the trailer. Q. Did people come and claim them? A. Yes, sir. Q. Were they taken away? Defense Counsel: I will object. The Court: I will overrule the objection. A. They took a carload away and had to come back and get another one. Q. It took two carloads to get them away? A. Yes, sir. Q. I believe you testified that they [referring to Touchstone and Bolin] told you they bought this group of articles for twenty five dollars? A. Yes, sir. Q. What would you estimate the value of all the goods that they said they were able to get for twenty five dollars at 4:30 in the morning to be? A. I would say two thousand to twenty five hundred dollars. Mr. Rary: I will object to that unless it can be shown that this witness is an expert in these items. The Court: I will ask the solicitor if he will qualify the witness. Q. Have you bought clothes? A. Yes, sir. Q. Have you bought kitchen utensils? A. Yes, sir. Mr. Rary: I will object to going into that because this was not the property of Mr. Hicks. The Court: I will overrule the objection. Q. Would you describe to the court and jury the nature of the articles that were intermingled

with your articles? A. Yes, I think the value was as much as two thousand to twenty five hundred dollars, the amount of clothing that was involved, men's clothes. Q. Are you familiar with the value of such items? A. Yes, sir. Q. How, have you bought and sold similar items? A. Yes, sir. Q. Have you observed similar items that have been offered for sale during the year? A. Yes, sir. Q. All right, go ahead and describe what you saw and what you think was the value. A. There were a lot of women's clothes, women's dresses, men's pants and suits, children's clothes. Mr. Rary: I will object to this as being highly prejudical. The Court: I have already overruled that objection. Q. Go ahead. A. Children's clothes and quantitywise, several two foot by five foot boxes of clothing. Q. In your experience in having bought clothes for yourself and have you bought clothes for your wife or other women? A. Yes, and I have two children. Q. Have you bought clothing for your children? A. Yes, sir. Q. From your experience you estimated the value of that to be over two thousand dollars? A. Yes, and then there were cooking utensils, hot plate, coffee pot and various things that go along with housekeeping. Q. I will ask you again what they say they paid for this stuff? A. Twenty-five dollars. Q. Where did they say they got it? A. From an old guy in an alley. Q. What time? A. About 4:30 in the morning. Q. When was that stuff stolen? A. I don't know, it would have had to be between 1 and 4:30. Q. When was it that you found that stuff? A. The next afternoon, I believe that is correct, I believe it was on a Sunday." Re-cross Examination by Defense Counsel. "Q. How long did you remain at the trailer? A. Oh, they had the car loaded and went to put it up and, I don't know. They were getting the stuff loaded while I was unloading where they would have room to put the rest of the stuff in the car. They did not have enough room in the automobile." Direct Examination of Adams. "Q. When you were in, did you search the trailer? A. Yes, sir. Q. What did you find? A. Mr. Hick's coat, a coat to a suit, his gun, two raincoats, some other articles that were stolen out of [another] trailer. . . Q. Were you able to ascertain whose goods the other articles were? A. Yes, sir, they belonged to a Mr. Davidson. . . Q. Were you present when they identified any goods belonging to them? A. Yes, sir. Q. What were those? A. There

was clothes, ladies' clothes, sewing machine — Defense Counsel: I object to this line of testimony as it has not been shown that these articles are in the charge against these defendants. The Court: I will exclude it unless it is connected. It has been my understanding that the State contends that all of these were part of one lot and unless it is connected I will exclude it. I will let it in at the present time, however. . . Q. How much in value were these goods? A. Sir, when I put it in the car, the boys put it in a Plymouth automobile and had to make two trips, we couldn't quite get it all in on one trip. There was Mr. Davidson's stuff — Defense Counsel: I will object to any testimony concerning any articles that may have belonged to Mr. Davidson. The Court: I will overrule the objection. . ."

From the foregoing portions of the record and objections and rulings thereon, it will be noted that two of the objections are by use of the word "object"; that another objection is merely that the testimony objected to was "highly prejudicial"; and that another objection was ruled on conditionally, the court stating that he would exclude the testimony "unless it is connected." None of these objections was sufficient.

An objection in the language "We object to that" is insufficient; and an objection is insufficient to raise any question where it fails to show why the evidence was prejudicial or harmful. *Canal Ins. Co. v. Winge Bros.*, 97 Ga. App. 782, 784 (104 SE2d 525). See also *Isley v. Little*, 219 Ga. 23, 28 (131 SE2d 623).

"An objection to evidence must inform the court specifically upon what ground the evidence is inadmissible and a mere general objection without pointing out wherein or how the evidence violates some recognized rule of the law of evidence is too general to raise any question for decision by the trial judge." *Ga. Power Co. v. Hendricks*, 97 Ga. App. 369, 370 (103 SE2d 601).

That certain testimony "was irrelevant and immaterial and not pertinent to any issue involved in this case, and under the evidence produced so far, too general and too vague to be a proper question for this witness and for presentation to the jury," is itself too general and too vague to present anything for consideration. *Lanier v. Lee*, 111 Ga. App. 876 (143 SE2d 487), and cases cited.

In respect of the testimony that was conditionally admitted in

evidence over objection, it was the duty of counsel objecting thereto to invoke a final ruling thereon. No further objection was made thereto and counsel failed to invoke a final ruling thereon, and thus no question of error is raised in this court and the admission of the testimony was not and is not error here. *State Hwy. Dept. v. Harrison,* 115 Ga. App. 349 (3) (154 SE2d 723). To the same effect see *Vun Cannon v. State,* 208 Ga. 608, 611 (68 SE2d 586); *Connor v. Rainwater,* 200 Ga. 866 (38 SE2d 805), wherein the court quoted from *Clark v. Western & A. R.,* 41 Ga. App. 317 (152 SE 847), as follows: "Counsel for the plaintiff in error subsequently during the trial should have called the court's attention to the matter and obtained a definite and final ruling upon the admissibility of the evidence, and not have left it 'like Mahomet's coffin, hanging betwixt heaven and earth.' "

Either the remaining objections fall within the purview of the cases above cited, with the exception of *State Hwy. Dept. v. Harrison,* supra, or the rulings thereon are harmless error in view of the admission of the testimony which was admitted over other objections which were overruled and which were legally insufficient thereto, and particularly in view of the instructions of the court to the jury following the overruling of the motion for directed verdict by defendants' counsel, as hereinabove set forth.

In respect of alleged error in a charge of the court on the subject of admissions, and having regard to the language of the charge which is referred to merely generally by appellant Bolin in ground 1 of his amended motion for new trial, and if the same may be regarded as included in his enumeration of errors No. 7 that the court erred in overruling his amended motion for new trial, appellant Bolin's contentions are without merit.

*Judgments affirmed in both cases. Jordan, P. J., concurs. Hall, J., concurs in the judgment.*

Argued September 9, 1969—Decided March 19, 1970—
Rehearing denied April 3, 1970—

*Rary & Beecham, J. C. Rary, Harry James Beecham, Glenn Zell,* for appellants.

*Richard Bell, District Attorney, Eugene Highsmith,* for appellee.