## 49943. PARROTT v. THE STATE.

Stolz, Judge.

The defendant appeals from his conviction of theft by taking and his one-year sentence.

1. "[I]n a felony case all testimony and proceedings in the case must be reported, except the argument of counsel." *Aiken v. State,* 226 Ga. 840, 842 (178 SE2d 202). In the absence of a contention of any error in the sentencing and in view of the misdemeanor punishment imposed, however, the absence of a transcript of the pre-sentence hearing in the transcript transmitted to this court, enumerated as error by the appellant, shows no necessity to have a supplemental transcript sent up in accordance with the provisions of Code Ann. § 6-805 (f) or (g) (Ga. L. 1965, pp. 18, 24).

2. The evidence authorized the verdict. Three photographs (state's exhibits 4, 5 and 6) were admitted in evidence without objection and are fully described in the transcript of the evidence. The failure to have them included in the original record on appeal and the subsequent inability to supply this court with them in a supplemental record, are most regrettable, but not grounds for reversal in the context of this particular case.

3. The appellant contends that the trial judge erred in failing to charge, without request, on the subject of alibi, his sole defense, which he contends was raised by his sworn testimony, relying on cases exemplified by *Hogan v. State,* 221 Ga. 9 (3) (142 SE2d 778).

" 'It is well settled that where the evidence in support of the defense of alibi does not show the impossibility of the defendant's presence at the scene of the crime at the time of its commission, the failure of the court to charge the law of alibi, especially in the absence of a request for such a charge, is not error. *Ethridge v. State,* 163 Ga. 186 (14) (136 SE 72); *Smith v. State,* 6 Ga. App. 577 (65 SE 300).' *Cole v. State,* 63 Ga. App. 418, 420 (11 SE2d 239)." *Touchstone v. State,* 121 Ga. App. 602, 604 (3) (174 SE2d 450).

The defendant's testimony that he was en route from Chattanooga to Rome at the time of the alleged offense, did not establish the impossibility of his presence at the

scene of the crime, which was located on another road leading to his Chattanooga-Rome route. Furthermore, his co-defendant's testimony indicates that he and the defendant had been at the scene of the crime prior to their arrest; a police officer testified that the defendant was seen in a truck driving from the road leading to the scene of the crime onto the Chattanooga-Rome highway; and the times of the theft and the defendant's arrest in the vicinity of the scene of the crime, were closely enough related so as not to exclude the possibility of the defendant's presence at the scene of the crime at the time of its commission.

The judgment was not erroneous for any reason urged.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED FEBRUARY 12, 1975.

*Horace T. Clary,* for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.