## 50179. BAGBY v. THE STATE.

BELL, Chief Judge.

The defendant appeals from his conviction of motor vehicle theft.

About 7 p. m. on Saturday, November 3, 1973, the owner of a car parked it near a skating rink. He gave no one permission to use the car. A security guard at the rink knew the defendant by sight and had conversed with him subsequent to 8 p. m. for some time that evening. Prior to 10 p. m. the guard saw the car being driven off by the defendant. The owner also was notified of the loss before 10 p. m. Defendant testified that he had arrived at the rink about 8 p. m., had conversed with the guard for about 45 minutes, had departed with his cousin about 9 p. m., and denied taking the car. The cousin testified that on an undesignated Friday or Saturday, the latter part of 1973, he had picked the defendant up at the rink about 9 p. m. and had driven him home. The defendant's mother testified that the defendant had returned home between 12 and 12:30 a. m. on November 4. *Held:*

1. Defendant enumerates as error that the trial judge erred in failing to charge, without request, on alibi.

"Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." Code § 38-122. Neither the testimony of the defense witnesses nor that of the defendant excludes that possibility. The latter's testimony actually places him at the scene shortly before the offense was committed. Thus, the failure to charge the law of alibi is not reversible error. *Touchstone v. State,* 121 Ga. App. 602, 604 (174 SE2d 450).

2. The evidence authorized the verdict.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED FEBRUARY 3, 1975 — DECIDED
MARCH 12, 1975.

*McDonald & Dupree, Hylton B. Dupree, Jr.,* for appellant.

*George W. Darden, District Attorney, B. Wayne Phillips, Assistant District Attorney,* for appellee.