## 50654. WHEELESS v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction and sentence for the offense of burglary.

1. Where the indictment charged that the defendant "without authority and with intent to commit a theft therein, entered the building of Woodprint, Inc. d/b/a News/Daily, the owner thereof," etc., it was not error to admit the testimony of the president of Wood Printing, Inc. that the building burglarized was owned by the said corporation, which also conducted the business of the News Daily therein, over objection that the highest and best evidence of ownership of the premises would be a deed to same or of possession, a contract or lease. See *Hill v. State,* 117 Ga. App. 721 (161 SE2d 917); *Willis v. State,* 116 Ga. App. 21 (156 SE2d 668). Nor was the state required to produce minutes, by-laws, or resolutions of the corporation to prove the identity of the witness as the president of the corporation, as it is contended is required by *South Ga. Trust Co. v. Crandall,* 47 Ga. App. 328 (1) (170 SE 333). Even if this matter was not collateral to the real issues (see *Byrd v. State,* 78 Ga. App. 824 (4) (52 SE2d 330), the witness' sworn testimony as to his identity and office was prima facie proof of such fact so as to support his testimony of the defendant's lack of authority to enter the building.

2. The appellant complains of the admission in evidence of his statement made during his in-custody interrogation, and of his blood-stained clothing (there was evidence that ingress and egress by the burglar was by the breaking of glass), over his objection that he was not fully advised of his constitutional rights beforehand. The record shows that a "Jackson-Denno" hearing was conducted, during which it appeared that, while there was some doubt that the defendant was apprised of *all* of his rights (the officer gave them from memory), nevertheless he had been advised of his right to an attorney generally (if not at that particular time) and that he did not have to say anything unless he was in the presence of an attorney. Furthermore, it appeared that the defendant and his

father voluntarily obtained the physical evidence and turned it over to the police after being advised that it might be incriminating and that he might refuse, and that the defendant appeared to understand and voluntarily waive the above rights. Moreover, any alleged error with regard to the admission of the above evidence, was rendered moot by the testimony of the defendant and his father on the trial of the case with representation by counsel.

3. The trial judge did not err in admitting in evidence for the state an envelope containing scrapings of dried blood from the window of the burglarized building, where the policeman who gathered the evidence for transmittal to the state crime lab in the envelope stated that he wrote the defendant's name and "for Crime Lab" thereon merely to designate for the crime lab's information the case with which it was connected, and not to indicate his opinion that it was the defendant's blood.

4. Where, after the rule of sequestration was invoked, prosecution witness, Officer King, testified for rebuttal that the defendant's father (a witness) had talked to him (King) in the witness room, King was not cross examined about any possible violation of the "rule," and the district attorney stated in his place that he had not discussed the testimony of any other witness that had already testified with any witness who had not yet testified, the error, if any, must be held harmless. See *Silas v. State,* 133 Ga. App. 560 (2) (211 SE2d 609) and cits.

5. Although the original of the registration of the defendant's automobile is on file in the State Revenue Commissioner's office, the trial judge did not err, over the defendant's objection to secondary evidence, in admitting in evidence, for the purpose of proof that the automobile found near the scene of the crime was registered in the defendant's name, a copy of such registration certified by the county tax commissioner as being "a true and correct copy of the records filed in the Clayton County Tag office" with his seal affixed thereto. Code §§ 38-601, 38-602, Code Ann. § 38-630 (b). Furthermore, any error in admitting this evidence was rendered moot by the defendant's testimony admitting his ownership of the vehicle.

6. The failure to charge, without request, on the subject of alibi, was not reversible error where the defendant's evidence, including his own sworn testimony, not only failed to show the impossibility of his presence at the scene of the offense at the time of its commission, but also actually placed him on the premises of the burglarized building immediately following the commission of the offense. See *Parrott v. State,* 133 Ga. App. 931 (3) (213 SE2d 77); *Bagby v. State,* 134 Ga. App. 263 (214 SE2d 11).

7. The appellant contends that the trial judge erred in failing to grant him a new trial on the ground that, subsequent to the return of the guilty verdict and sentencing and the dismissal of the court reporter, one of the jurors allegedly stated before the judge, counsel for both sides and the remainder of the jurors that the jurors, in examination of the defendant's clothing in evidence, had discovered a piece of glass in the defendant's shirt pocket, whereas two of the state's witnesses had found no glass therein in their searches.

"The judge has a discretion in regulating and controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from its abuse." *Banister v. Hubbard,* 82 Ga. App. 813, 816 (62 SE2d 761) and cit.; Code § 24-104; *Checker Cab Co. v. Fedor,* 134 Ga. App. 28 (2) (213 SE2d 485) and cits. Closely correlated to this is "the prima facie presumption in favor of the good faith of the [public] officer, and that he has done his duty." *Gormley v. Eison,* 189 Ga. 259, 264 (5 SE2d 643) and cits. If we must indulge in presumption, there being no transcript of the alleged occurrence, we choose to presume that the judge acted in good faith in performing his discretionary duties in regulating and controlling this aspect of the court's business, rather than to presume that the district attorney, also a public officer, violated his duty by "planting" such evidence in order to obtain a conviction. The record does not reveal how large (or how small) the "piece" of glass was, and it should be noted also that the prior examinations of the clothing were made by police officers under ordinary room light, which may not have

revealed a small particle. The discovery of the glass particle could, with equal credibility, be considered as additional evidence for the state's case, rather than in the defendant's favor. "Motions for a new trial on the ground of newly discovered evidence are not favored. All applications for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and unless it affirmatively appears that he has abused his discretion in overruling the same, his discretion will not be controlled." *Kitchens v. State,* 228 Ga. 624, 626 (4) (187 SE2d 268) and cits. Since it does not affirmatively appear that the trial judge abused his discretion in overruling the motion for new trial on the ground of the "newly discovered" evidence, and since the evidence authorized the verdict, we will not control his discretion in this case.

8. The admission in evidence of the defendant's clothing, testimony as to his description, and testimony by state's witness Thomas of the state crime laboratory, who was contended not to have been proven to be an expert—even if error for the reasons urged, were not harmful or reversible error in view of the fact that defense counsel on cross examination elicited further testimony which duplicated or enlarged upon the objected to evidence and allowed the admission of such testimony by the state without objection. See *Kent v. State,* 128 Ga. App. 132 (2) (195 SE2d 770) and cit.

9. The appellant enumerates as error the overruling of his motions for directed verdict of acquittal and for new trial on the general grounds.

There was evidence that the building was broken into without authority by the breaking of glass; that the broken glass had the defendant's fingerprints and blood of his type thereon; that the defendant's finger was found to be cut and his clothing bloodstained; that the defendant's bloodstained clothing and general description matched those of the man seen entering and leaving the scene of the crime; that the defendant, by his own admission, was parked and standing on the premises of the burglarized building at the time of the offense; and that the defendant fled from the scene of the burglary when ordered to stop. The verdict and judgment were authorized by the above

evidence.

10. The trial judge imposed a 6-year sentence *set by the jury* on July 11, 1974, subsequent to the March 20, 1974 approval (effective) date of reenacted Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357), which requires sentencing by the judge in all felony cases except those "in which the death penalty may be imposed." The provisions of this statute are couched in mandatory language. The statute applies to all cases in which the sentence is imposed subsequent to the effective date of the Act. *Jones v. State,* 233 Ga. 662 (212 SE2d 832). It cannot be held harmless error for the defendant to have been denied the right to sentencing by the judge merely because the defendant was given "more of a jury trial than the law provided," especially in view of the provisions of Code Ann. § 27-2511.1 (Ga. L. 1974, pp. 352, 358), also in effect at the time of sentencing, for review of the sentence by a three-judge panel. Such review would be denied the appellant unless he is resentenced by the judge in accordance with reenacted Code Ann. § 27-2503, supra, because of the provision of § 27-2511.1(a) that the review is available "[i]n any case, except cases in which the death penalty is imposed, in which a sentence of five or more years, or several consecutive sentences which total five or more years, has been fixed and imposed *by a judge, without a jury, . . .*" (Emphasis supplied.) The existing sentence, having been imposed by the jury, is not subject to the review provided by § 27-2511.1.

Accordingly, the judgment of conviction is affirmed, the judgment of sentence is reversed, and the case is remanded to the trial court for resentencing by the judge, as required by Code Ann. § 27-2503.

*Judgment affirmed in part; reversed in part and remanded. Deen, P. J., and Evans, J., concur.*

SUBMITTED APRIL 30, 1975 — DECIDED JUNE 23, 1975 — REHEARING DENIED JULY 15, 1975 —

*Watson, Brown, Foster & Keller, Larry A. Foster,* for appellant.

*William H. Ison, District Attorney, J. W. Bradley,*

*Assistant District Attorney,* for appellee.