## 54200. COOPER v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of burglary and robbery. He asserts the court erred in failing to charge, without request, the law of alibi. *Held:*

"Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." Code § 38-122. Here there was inconsistent testimony as to the exact time the alleged crime transpired. However, the defendant's own testimony placed him at the situs of the crime sometime prior thereto and then during the time the victim testified he fired at the fleeing suspects. Shortly thereafter the defendant was found and arrested near the scene.

There were two versions of what transpired. The victim testified the door of his establishment was kicked in, he was robbed and he fired at the wrongdoers fleeing in an automobile. The defendant testified he drove his automobile into the parking lot and, for no reason, the victim began shooting at him.

The evidence, even giving every favorable inference to the defendant's version of the events, failed to show the impossibility of his presence at the scene of the offense. Hence, the omission of a charge on the law of alibi was not error. *Parrott v. State,* 133 Ga. App. 931 (213 SE2d 77). Accord, *Touchstone v. State,* 121 Ga. App. 602, 604 (174 SE2d 450); *Bagby v. State,* 134 Ga. App. 263 (214 SE2d 11); *Wheeless v. State,* 135 Ga. App. 406 (218 SE2d 88).

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED JULY 11, 1977 — DECIDED SEPTEMBER 9, 1977.

*D. L. Lomenick, Jr., William Ralph Hill, Jr.,* for appellant.

*William M. Campbell, District Attorney, Bruce Hinshelwood, Assistant District Attorney,* for appellee.