59942, 60144. SAPP v. THE STATE (two cases).

CARLEY, Judge.

Appellant was convicted of robbery after a jury trial. On appeal he contends the trial court erred in denying his motion for new trial based on the general grounds and in failing to charge the jury on alibi or, in the alternative, on identification.

1. Appellant's argument that "the verdict is decidedly and strongly against the weight of the evidence" has previously been considered and rejected by the trial judge in ruling upon the motion for new trial and will not be entertained by this court on appeal. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976). The weight of the evidence is for the jury and the trial court in ruling upon the general grounds. The appellate courts undertake only to determine if there is sufficient evidence to support the verdict of the jury. *Davis v. State,* 151 Ga. App. 222 (259 SE2d 207) (1979).

The victim testified that, while walking to work, she passed two men — one of them being the appellant. The victim further testified that the appellant started walking behind her and asked her, at least two times, "Are you afraid of me?" and then hit her in the head, snatched her pocketbook, and ran. There was evidence that the area in which the offense occurred was well lighted and that appellant was apprehended within five to ten minutes of the robbery and that the victim immediately identified appellant as the person snatching her purse. Furthermore, the victim identified the appellant in the courtroom and testified she was "one hundred percent" positive that he was the perpetrator of the crime.

The evidence here is clearly sufficient to support the verdict. *Watson v. State,* 13 Ga. App. 181 (78 SE 1014) (1913); *Webb v. State,* 82 Ga. App. 543 (61 SE2d 542) (1950). Any rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979). Therefore, appellant's first enumeration of error is without merit.

2. Appellant also asserts that the trial court erred in failing to instruct the jury, without a request, on the defense of alibi or, in the alternative, on identification. Citing *Pepper v. State,* 133 Ga. App. 1 (209 SE2d 699) (1974), and other cases, it is argued that alibi

constituted appellant's sole defense and, thus, failure to charge thereon, even without request, was reversible error.

"Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." Code Ann. § 38-122. Appellant, by his own testimony in the instant case, placed himself in such close proximity to the situs of the crime that he was able to hear a "commotion." Furthermore, the evidence is clear that appellant was found and arrested near the scene of the offense and within minutes of its commission.

"The evidence, even giving every favorable inference to the defendant's version of the events, failed to show the impossibility of his presence at the scene of the offense. Hence, the omission of a charge on the law of alibi was not error. [Cits.]" *Cooper v. State,* 143 Ga. App. 246 (237 SE2d 715) (1977); *Patrick v. State,,* 245 Ga. 417 (7) (265 SE2d 553) (1980); *Simmons v. State,* 149 Ga. App. 830 (256 SE 2d 79) (1979). Notwithstanding the fact that alibi constituted appellant's sole defense, the trial court was not required to give a charge thereon since it was not authorized by the evidence. See *Gunter v. State,* 155 Ga. App. 176 (3) (1980); *Riggs v. State,* 31 Ga. App. 568 (121 SE 142) (1923).

Also, the trial court is not required to charge the jury on identification when, as in this case, the judge stressed the necessity for the offense charged to be proved beyond a reasonable doubt. *Knight v. State,* 133 Ga. App. 808 (212 SE2d 464) (1975); *Heard v. State,* 141 Ga. App. 666 (234 SE2d 83) (1977). Appellant's second enumeration of error is also without merit.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MAY 13, 1980 — DECIDED
JULY 14, 1980 —
REHEARING DENIED JULY 31, 1980.

*Daniel Kane,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.